Clifford **HOWARD**, Plaintiff,

v.

Emil R. **GEORGE** et al., Defendants.
James C. **WORLEY**, Plaintiff,

v.

Emil R. **GEORGE** et al., Defendants.

Civ. A. Nos. 74–585–74–588.

United States District Court,
S. D. Ohio, E. D.

March 10, 1975.

Thomas E. Workman, Columbus, Ohio, for plaintiffs.

William J. Melvin, John S. Lowe, Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

On November 19, 1974, James C. Worley filed an action in the Court of Common Pleas of Franklin County, Ohio, against twelve named defendants, including Emil R. George and Jellco Corporation. On November 20, 1974, Clifford Howard, who was apparently a business partner of Worley, filed an action identical to Worley's against the same twelve defendants in the same Court of Common Pleas. On December 2, 1974, four petitions for removal of these state lawsuits were filed with the Clerk of this Court, alleging diversity of citizenship jurisdiction. Defendant George filed petitions for removal regarding the Worley and the Howard actions, resulting in cases 74–585 (Howard v. George, et al.) and 74–586 (Worley v. George, et al.) being docketed in this Court. Thereafter, defendant Jellco Corporation caused petitions for removal to be filed regarding the same two state lawsuits, resulting in cases 74–587 (Howard v. George, et al.) and 74–588 (Worley v. George, et al.) being docketed here.

The net result of this course of events is that there are four cases pending in this Court, all of which pertain to the same business transactions. This unusual situation has led the Court to review, *sua sponte*, the propriety of the removal by defendants George and Jellco of the state lawsuits to this Court. *Cf. McMahan* v. *Fontenot*, 212 F.Supp. 812 (W.D.Ark.1963).

Removal of these actions is predicated upon 28 U.S.C. § 1441(a), which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The procedure for such removal is dictated by 28 U.S.C. § 1446(a), which provides as follows:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

As has recently been stated by the United States Court of Appeals for the Fifth Circuit, "The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition." *Tri-Cities Newspapers, Inc.* v. *Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970). The Fifth Circuit proceeded to remand the *Tri-Cities* action to the district court for a determination whether the parties not joining in the petition for removal were merely nominal or formal parties. A review of the amended complaints tendered by Howard and Worley herein would indicate that defendants other than George and Jellco Corporation are in fact alleged to be actual participants in the alleged fraudulent scheme, and are not, therefore, merely nominal defendants.

A second exception to the requirement that all defendants join in the petition is that "a nonserved nonresident need not

join in the removal petition." 1A Moore's Federal Practice ¶ 0.168[3.–2] at 452 (1974). Neither the petitions for removal nor the amended petitions filed herein allege that those defendants not joining in removal were not served in the state proceedings; such an allegation is a necessary part of the petition for removal when all defendants do not join in it. *Gratz v. Murchison*, 130 F. Supp. 709, 713 (D.Del.1955). Moreover, the Franklin County Court of Common Pleas Appearance Dockets indicate that defendants Allied Production, Inc., Fryling, Woodruff, Leffingwell and Stultz were in fact served with process in the state proceedings.

There is a division among the federal courts on the question whether the requirement that all defendants join in the removal petition is waivable by the plaintiff. See 1A Moore's Federal Practice ¶ 168[3.–2] at 453 n. 24 (1974). The United States Supreme Court held in *Grubbs v. General Electric Credit Corporation*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) that where after removal a case is tried on the merits without objection and the federal district court enters a judgment, the jurisdictional issue on appeal is not whether the case was properly removed, but whether the district court would have had original jurisdiction if the case had been filed in that court in the first instance. I do not read the *Grubbs* case to preclude remand by the district court on its own motion when it clearly appears early in the proceedings of the case that the removal procedure of 28 U.S.C. § 1446(a) was not followed. Removal of actions is not favored by the federal courts, *Shamrock Oil Corp.* v. *Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Young Spring & Wire Corp.* v. *American Guarantee & Liability Insurance Co.*, 220 F.Supp. 222, 228 (W.D.Mo.1963).

It appearing that all the necessary defendants who could have joined in a petition for removal of these actions have not done so, and it further appear-

ing that "before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required," 1A Moore's Federal Practice ¶ 0.168[3.–2] at 447–48 (1974), the Court concludes that the cases were improperly removed.

It is therefore ordered pursuant to 28 U.S.C. § 1447(c) that these actions be remanded to the Court of Common Pleas of Franklin County, Ohio. Defendants George and Jellco Corporation to pay all costs and disbursements incurred by reason of these removal proceedings. See 28 U.S.C. §§ 1446(d) and 1447(c).