**HARBOR TOWING CORPORATION**

v.

**Edward C. WILSON and David Green & Associates, Inc.**

**Civ. No. T-78-2289.**

United States District Court, D. Maryland.

May 30, 1979.

Pamela J. White, Baltimore, Md., John T. Ward and Ober, Grimes & Shriver, Baltimore, Md., for plaintiff.

Samuel S. Smalkin, Baltimore, Md., for defendants.

THOMSEN, Senior District Judge.

Plaintiff has moved to remand this case to the Superior Court of Baltimore City, from which it was removed by defendants. All parties are citizens of Maryland.

The declaration and prayer for ancillary injunctive relief which plaintiff filed in the state court alleges: in Count I, that plaintiff's tug was damaged when it collided with a timber floating in Baltimore harbor as a result of the negligence of defendants in dismantling a pier owned by defendant Wilson; in Count II, that defendants negligently discharged or caused to be discharged loose timbers and other material in navigable waters whereby navigation was obstructed or impeded in a manner prohibited by 33 U.S.C. 407, resulting in damage to plaintiff's tug; and in Count III, that plaintiff maintains pier facilities adjacent to Wilson's pier; that plaintiff's operations and other navigation in Baltimore harbor have been and are being impeded and obstructed by defendants' permitting partially and wholly submerged pilings and timbers to decay at defendants' facilities without markers or signals, threatening substantial and irreparable injury to plaintiff's business. Plaintiff seeks injunctive relief as well as damages.

Defendants' answer sets up the customary defenses; they have also moved to dismiss Count III on the ground that it fails to state a claim upon which the extraordinary relief of mandatory injunction can be granted.

Defendants also filed a memorandum in opposition to the motion to remand; plaintiff replied; a hearing was held, after which each side filed a supplemental memorandum. The court has been fully and ably advised.

The case turns on the proper construction of the "saving to suitors" clause in 28 U.S.C. 1333, which provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

\* \* \* \* \* \*

That clause has been the subject of considerable litigation since the discussion of its proper construction by Justice Frankfurter in *Romero v. International Terminal Operating Co.*, 358 U.S. 354, at 371–72, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), and by the dissenting Justices. See, e. g., *Pryor v. American President Lines*, 520 F.2d 974, 976–77, n.1 (4 Cir. 1975), and cases cited therein; *A & R Marine Salvage, Inc. v. McAllister Lighterage Line, Inc.*, 544 F.2d 551, 553–54 (1 Cir. 1976); *Pacific Far East Line, Inc. v. Ogden Corp.*, 425 F.Supp. 1239, 1242–43 (N.D.Cal.1977); *Stonewall Ins. Co. v. Sessions*, 404 F.Supp. 858, 859–60, n.2 (S.D.Ala.1975). The problem is discussed in Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3674. After tracing the development of the law, this authority states, at p. 303:

The preferable conclusion from a policy perspective, and the one that seems most consistent with what appears to be the law, is to permit removal of admiralty and maritime actions only when they would be removable on some basis other than their maritime or admiralty nature. This would permit removal of a case that otherwise would be removable as a diversity case, or because the United States or one of its officers is named as a defendant, or because the action could be removed as a federal question case for reasons other than its maritime character.

But removal of a saving clause case probably should not be permitted when there is no diversity of citizenship between the litigants and removal is sought solely because jurisdiction would have existed under Section 1333 *if* the case had been brought in the federal courts originally as an admiralty matter *and* none of

the defendants is a citizen of the state in which the action has been brought.[1]

The court adopts this position as stating the present state of law, and the one which this court should follow.

The motion to remand is hereby granted.

---

1. The text continues:

Admittedly, these circumstances would bring the case within the language of Section 1441(b). Absent diversity, however, it simply does not make any sense to make removal of a saving clause case turn on whether one of the defendants is a citizen of the forum state. The fortuity of citizenship is totally irrelevant to the policy factors germane to the removal question under discussion. In addition, if removal of saving clause cases were allowed simply on the ground that the case could have been brought in a federal court as an admiralty claim under Section 1333, the result would be either 1) that the federal court would have to treat it as an admiralty claim, thereby defeating the purposes underlying the availability of a law remedy under the saving clause, or 2) that the federal court would adjudicate what is a maritime case as if it were one at law, thereby defeating the purpose sought to be achieved in *Romero* in non-diversity cases, but only when none of the defendants is a citizen of the state. Neither of these alternatives is attractive.