**Mary Jane MEANS, as Administratrix & Personal Representative of the Estates of Melody Joan Means and Justin Edward Gandy**

v.

**G & C TOWING, INC.; Gregory T. Watson; Gatx Leasing Corporation; and John E. Gandy.**

**Civ. A. No. 2:85–1402.**

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 2, 1986.

Thomas H. McCorkle and James Brown, Arthur T. Ciccarello and John A. Rollins, Charleston, W.Va., for plaintiff.

Thomas W. Pettit and Virginia C. Colburn, Vinson, Meek, Lewis and Pettit, Huntington, W.Va., for defendants.

MEMORANDUM OPINION
AND ORDER

HADEN, Chief Judge.

This action comes before the Court on a motion to remand. The Plaintiff, as an administrator of two estates, filed suit in the Circuit Court of Kanawha County, West Virginia. A corporation and three individuals were named as Defendants. On November 4, 1985, two of the Defendants, G & C Towing, Inc. and Gregory T. Watson, filed their petition to remove the action to this Court. Because the Plaintiff filed an amended complaint in state court at approximately the time the removal petition was being prepared, the aforenamed Defendants filed an amended removal petition on November 14, 1985. The Plaintiff filed her motion to remand on November 13, 1985.

■ The parties, in their respective memoranda on the motion to remand, have argued whether this maritime action may properly be removed to a federal forum. Their arguments are generally well reasoned and the authority relied upon is apposite; however, the parties appear to have missed a procedural defect in the removal procedure. As mentioned, Defendants G & C Towing, Inc. and Gregory T. Watson have joined together in removing this case to this Court. The other two named Defendants, Geraldine Bosworth and John E. Gandy, however, have not joined in the petition for removal. It has long been established that, in the ordinary case, all defendants must join in the petition for removal. *Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

There are instances when less than all of the Defendants are allowed to remove an action from state court. A fictitious defendant need not join the removal. *Perpetual Building & Loan Association v. Series Directors of Equitable Building & Loan Association, Series No. 52*, 217 F.2d 1 (4th Cir.1954) *cert. denied*, 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955). A party to a "separable controversy" may remove its portion to the federal system. *Id.* A Defendant who is a federal officer can remove the action even though the other Defendants do not consent. *Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F.2d 1310 (9th Cir.1981). Formal or nominal parties do not have to join the removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen, Local 349*, 427 F.2d 325 (5th Cir.1970). Similarly, unserved Defendants are excepted from the general rule. *Howard v. George*, 395 F.Supp. 1079 (S.D. Ohio 1975).

The removing Defendants here do not state in their petition or memoranda that the other Defendants are nominal or fictitous. From the facts of the record, the converse would appear to be true; they are the owners of the two vessels which collided. One of the Defendants, Gandy, was at the controls of his boat when the accident occurred. It is abundantly clear that there exists no separable controversy and that a federal officer is not involved. The record does not reflect whether Defendants Bosworth and Gandy were served with process. One court has held, however, that "such an allegation [of nonservice] is a necessary part of the petition for removal when all Defendants do not join in it." *Howard*, 395 F.Supp. at 1081. Neither the petition for removal nor the amended petition allege that Bosworth and Gandy were not served in the state proceeding. Hence, it appears that the facts of this case do not fall within any of the exceptions to the "all defendants" rule.

The Court is not troubled by its *sua sponte* discovery of this defect. Other courts have held that a federal court may remand a case on its own motion. *Manas y Pineiro v. Chase Manhattan Bank*, N.A., 443 F.Supp. 418 (S.D.N.Y.1978); *Howard*, 395 F.Supp. 1079. Those particular cases, moreover, involve situations where the plaintiff had not even moved to remand. Here, the Plaintiff has made such a motion. The procedural defect was simply not argued. In this vein, it would seem absurd to hold that the Plaintiff has waived her objection to the defect. She has strenuously pressed her argument that the case should be returned to state court. That a favorable point was overlooked should be of no moment.

Aside from the procedural defect, the Court alternatively holds that this action was not removable from state court because of the "saving to suitors" clause found in 28 U.S.C. § 1333.

The "saving to suitors" clause provides as follows:

"The district courts shall have original jurisdiction, exclusive of the courts of the states, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

28 U.S.C. § 1333. This clause allows a plaintiff to bring a maritime matter into state court as a regular civil action notwithstanding the "exclusive" jurisdiction of the federal courts. Such an action—it has been held—can only be removed to federal court if there is an independent jurisdictional ground such as diversity or some other federal subject matter jurisdiction basis. *Buckley v. Brent Towing Co., Inc.*, 412 F.Supp. 382 (N.D.Miss.1976); *see also Hite v. Norwegian Caribbean Lines*, 551 F.Supp. 390 (E.D.Mich.1982) and *Harbor Towing Corp. v. Wilson*, 470 F.Supp. 740 (D.Md.1979). There is not complete diversity of citizenship here. Furthermore, the Court finds unavailing the Defendants' argument that this is an action arising under the laws of the United States. That there are federal statutes which may establish standards and levels of care does not take this case out of the rule pertaining to state "saving to suitors" actions. It must be kept in mind that the law applied in such a case will for the most part be of federal

origin. *Byrd v. Byrd,* 657 F.2d 615, 617 (4th Cir.1981); *see also Sanders v. Richmond,* 579 S.W.2d 401 (Mo.App.1979).

Any suggestion that *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) was overruled *sub silentio* by *State of Illinois v. City of Milwaukee,* 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) is rejected. *Romero* continues to stand for the proposition that federal common law in an admiralty or maritime case is not a separate basis of federal question jurisdiction. *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure, Jurisdiction,* § 3673.

For the foregoing reasons it is ORDERED, pursuant to 28 U.S.C. § 1447(c), that this action be remanded to the Circuit Court of Kanawha County, West Virginia. The Defendants, G & C Towing, Inc. and Gregory T. Watson, shall pay all costs and disbursements incurred by reason of these removal proceedings. *See* 28 U.S.C. §§ 1446(d) and 1447(c). Because this action is being remanded, the Court declines to rule on the Plaintiff's recently filed motion to compel.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the Circuit Clerk of Kanawha County, West Virginia.