**Richard SCIALO, etc., et al., Plaintiffs,**

v.

**SCALA PACKING CO., INC., et al., Defendants.**

No. 93 C 1782.

United States District Court, N.D. Illinois, E.D.

May 24, 1993.

Robert A. Loeb, Evanston, IL, for plaintiffs.

Mari Henry Leigh, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This is the third time that the litigants (or substantially all of the litigants) in this action have been before this Court (see also Case Nos. 91 C 1150 and 92 C 8112). This action itself was originally filed in the Circuit Court of Cook County and was then removed to this District Court as 92 C 8112. This Court promptly remanded the action to its place of origin because the removing parties were fewer than all of the defendants that were required to have joined in the notice of removal on a timely basis (see, e.g., *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 711–12 (7th Cir.1992)).

On February 24, 1993 plaintiffs obtained service on a previously unserved defendant, Commonwealth Health Alliance ("Commonwealth"). On March 24 (within the 30–day time frame prescribed by 28 U.S.C. § 1446(b) [1]) Commonwealth filed its Notice for Removal ("Notice") to this District Court. On March 25 (still within that 30–day period

---

**1.** All further references to Title 28's provisions will simply take the form "Section—."

as to Commonwealth, but *not* as to any previously served defendants) three earlier-served defendants—Scala Packing Co., Wisconsin Physicians Service Co. ("Wisconsin Physicians") and Epic Life Insurance Co. ("Epic")—joined in an Amended Joint Notice for Removal (the "Amended Notice").[2] After removal this action was originally assigned to the calendar of this Court's colleague Honorable Ann Williams, but it has since been reassigned to the calendar of this Court because of this Court's prior track record with the related litigation in 91 C 1150.

This case presents the often-encountered question of the multiple-defendant action with defendants served at different times: When does the 30–day clock begin to tick under Section 1446(b) so as to bar post–30–day removal? There is clearly no answer that serves to satisfy all the interests of all the parties. For example (and this does not attempt to ring all of the changes):

1. If the 30 days begins to run at the time of service on the first defendant entitled to remove, and if all served defendants must join in the notice of removal within that 30–day time frame, a plaintiff could block removal by serving one or more defendants so close to the end of that period that the removing party or parties is or are effectively prevented from perfecting the removal in time. Under the same rule there is also the potential for what has happened here—a defendant who is served after the 30–day period has run as to one or more other defendants has no opportunity at all to remove the case.

2. If conversely Section 1446(b) is read so that a new 30–day time period begins as to each defendant, the opposite potential exists—as has been attempted in this case, earlier-served defendants who have not filed for timely removal could piggyback onto the notice of removal of a later-served defendant.[3]

■ In light of the frequency with which variants on the current situation necessarily arise, it is scarcely a surprise that this Court does not write on a clean slate in this area. By far the majority of courts that have dealt with the timeliness issue have adopted the single-date-of-removal rule, with Section 1446(b)'s 30–day time clock beginning to run with service on the *first* defendant entitled to remove (see, e.g., such cases as *Martin Pet Products (U.S.), Inc. v. Lawrence,* 814 F.Supp. 56 (D.Kan.1993) and cases cited there, as well as the on-point decisions in *Getty Oil Corp. v. Insurance Co. of N. Am.,*

2. There is some possible question as to the timeliness of that joinder, because the "Filed" stamp on the front of the Amended Notice carries an April 2, 1993 date (which would fall outside of the 30–day time limit, even measured from the date of service on Commonwealth). However, the reverse side of the last page of the Amended Notice is stamped "Received March 25, 1993" by the Clerk's Office. For present purposes this Court will accept the earlier (and hence potentially timely) date of March 25.

3. That possibility is especially disturbing in this case, because Wisconsin Physicians and Epic have already had and sought to exercise the right to remove this action in 92 C 8112. It was their own noncompliance with Section 1446(b) that caused the remand. Why then should they have a second opportunity—at a date that is well out of time for them? On that score Wisconsin Physicians and Epic have argued, in opposition to the motion to remand, that their present belated joinder is somehow rendered timely by the fact that their original effort at removal (in 92 C 8112) occurred within 30 days after *they* had been served with process. They urge that it was learned later on that still another defendant, Illinois Businessmen's Coalition on Healthcare Cost

Containment Trust (the "Trust," whose nonjoinder in the 92 C 8112 notice of removal was the reason that this Court held that notice to be defective), had not been properly served because the person with whom the Summons and Complaint had been left by the Cook County Sheriff was not a proper agent for service. But that type of revisionist history simply will not wash. No ruling was ever made by the Circuit Court on the Trust's motion to quash service, which had been fully briefed and was scheduled for hearing in late May 1993 when it was effectively mooted by plaintiffs' second service of process on the Trust and by the Trust's filing of its appearance. Most critically, at the time that Wisconsin Physicians and Epic sought to remove the earlier case in 92 C 8112 *they* were neither aware of nor asserted any claim of defective service on the Trust as a justification for their failure to have obtained its joinder or consent—instead they violated Section 1446(b) by simply ignoring its readily-complied-with requirement that *all* previously-served defendants must join in a timely notice of removal. And having done so, Wisconsin Physicians and Epic cannot self-levitate their defective attempt at removal to render it somehow timely when they linked up with Commonwealth 3½ months later.

841 F.2d 1254, 1262–63 (5th Cir.1988)[4] and cases cited there).

Although *McKinney v. Board of Trustees of Maryland Community College,* 955 F.2d 924, 926–28 (4th Cir.1992) has disagreed with the strict application of that rule, it did *not* approve what has been tried by Commonwealth here—the starting up of an entirely new time clock by a previously unserved defendant well after the time for removal had lapsed as to numerous other defendants. Instead, *McKinney* permitted an eleventh defendant—one who had been served less than a week before the initial 30–day period ran out—to join an otherwise timely notice of removal by ten other defendants. As *McKinney, id.* at 928 (emphasis added) succinctly summarized its departure from *Getty Oil* and from the several district court decisions that *McKinney* cited as having gone the other way:

> For the reasons stated above, we hold that under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint *to join in an otherwise valid removal petition.*

It is unnecessary for present purposes for this Court to align itself either with or against *McKinney*'s proposed modification of the substantial majority conformance to the first-defendant-served rule. Although Commonwealth has grounded its right to remove in federal-question terms (on the basis that plaintiffs' claim against Commonwealth sounds in ERISA, rendering the case removable under *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)), it was *not* service on Commonwealth that first made this action removable—on the contrary, the right of removal on ERISA grounds was equally available from the outset to earlier-served defendants Wisconsin Physicians and Epic, who it will be recalled were among those joining in Commonwealth's Notice on March 25. And as to *those* two defendants, such belated removal in March 1993 was clearly untimely (see n. 3).

Accordingly at least one facet of plaintiffs' Motion To Remand for Procedural Defects is

well-grounded, and that proves fatal to the current attempt to remove.[5] This action is therefore remanded to the Circuit Court of Cook County under Section 1447(c). And because this needless detour has sidetracked this action far too long already, the Clerk of Court is directed to mail the certified copy of the remand order forthwith (see this District Court's General Rule 30(B)).

 Finally, this Court rejects Commonwealth's suggestion that it should not be burdened with the expenses of removal because it proceeded in good faith. Good faith or the lack of it is not the standard that informs the provision that permits such an award under Section 1447(c). Even apart from the fact that *McKinney* does not support the type of removal attempted here, fairness requires that as between Commonwealth and plaintiffs the latter should not be saddled with the expense of this unsuccessful second effort to remove a case that had once before been removed and remanded for noncompliance with Section 1446(b). Accordingly Commonwealth is ordered to pay all costs and actual expenses, including attorney's fees, incurred by plaintiffs as a result of the removal.

---

**4.** Of course the paucity of appellate authority on the question is attributable to the general nonappealability of remand orders.

**5.** This Court therefore need not rule on the other aspects of that motion, though they appear to

have considerable force. Nor under the circumstances is it necessary to rule on plaintiffs' Motion To Remand for Substantive Defects.