Charles FAULK, Jr., et al., Plaintiffs,

v.

SUPERIOR INDUSTRIES INTERNA-
TIONAL, INC., etc.; Bill Murray and
Associates, etc.; and Auto Zone, Inc.,
etc., Defendants.

No. 94–331–Civ–J–20.

United States District Court,
M.D. Florida,
Jacksonville Division.

May 9, 1994.

Roy B. Dalton, Jr., Martinez & Dalton, P.A., Orlando, FL, for plaintiffs.

Robert Eugene Bonner, Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, FL, for defendants.

### ORDER

SCHLESINGER, District Judge.

This cause is before the Court on Plaintiffs' Motion For Remand (Doc. No. 11, filed April 12, 1994). Defendant AutoZone's Memorandum of Law in Opposition to Plaintiffs' Motion For Remand (Doc. No. 14) was filed April 19, 1994.

Plaintiffs argue that the removal petition is untimely because Defendant Autozone, Inc.'s Notice of Removal (Doc. No. 1, filed April 5, 1994) was filed more than thirty days after the first defendant was served. Defendant Bill Murray and Associates ("Bill Murray") was served with .process on February 17, 1994. Defendant Superior Industries International, Inc. ("Superior") was served with process on February 24, 1994, and Defendant AutoZone, Inc. ("AutoZone") was served with process on March 7, 1994. The Notice of Removal was filed April 5, 1994. This was 47 days after service on the first served defendant, Bill Murray.

This case presents the issue of when the thirty day period begins to run under 28 U.S.C. § 1446(b) so as to bar removal petitions in a multiple-defendant action with defendants served at different times. Defendant AutoZone argues that its notice of removal was not untimely because Section 1446(b) requires only that each defendant file a notice of removal within thirty days after it is served, not thirty days after service on the first defendant. Alternatively, AutoZone argues that even if Section 1446(b) requires the removal petition to be filed no later than thirty days after the first defendant is served, exceptional circumstances exist making its removal petition timely.

AutoZone removed this case under 28 U.S.C. § 1441(a) which provides that

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

The procedure for removal requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. . . ." 28 U.S.C. § 1446(a). Furthermore, "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant. . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b) (emphasis added).

■ The majority of courts that have dealt with the timeliness issue have adopted the "single-date-of-removal" rule. The single-date-of-removal rule provides that "[i]n cases involving multiple defendants, the thirty day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1263 (5th Cir.1988); *see Brown v. Demco, Inc.* 792 F.2d 478 (5th Cir.1986); *Teitelbaum v. Soloski*, 843 F.Supp. 614 (C.D.Cal.1994); *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 123 (E.D.Mich. 1984); *Brooks v. Rosiere*, 585 F.Supp. 351, 353 (E.D.La.1984); *Schmidt v. National Organization for Women*, 562 F.Supp. 210 (N.D.Fla.1983); *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1013–14 (S.D.Tex. 1979). *But cf. McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir.1992) ("individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition"). "Thus, if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent." *Schmidt*, 562 F.Supp. at 212; *see Scialo v. Scala Packing Co., Inc.*, 821 F.Supp. 1276 (N.D.Ill.1993); *Milstead v. Casualty Insurance Co.*, 797 F.Supp. 569 (W.D.Tex.1992); *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351 (E.D.Mo. 1981); *Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill.1974); *Crocker v. A.B. Chance Co.*, 270 F.Supp. 618 (S.D.Fla.1967).

The single-date-of-removal rule "is consistent with the trend to limit removal jurisdiction and with the axiom that removal statutes are to be strictly construed against removal." *Getty Oil*, 841 F.2d at 1263 n. 13. (citing *Brown*, 792 F.2d at 482). This rule also follows logically from the unanimity requirement.

AutoZone argues that this rule is unfair and that it deprives defendants served after the thirty day period of the opportunity to persuade the first defendant to join in the removal petition. AutoZone cites the Fourth Circuit's decision in *McKinney* to support its argument. The Court, however, does not find Autozone's argument persuasive. Although *McKinney* disagreed with the strict application of the "single-date-of-removal rule," "it did not approve what has been tried by [AutoZone] here—the starting up of an entirely new time clock by a previously unserved defendant well after the time for removal had lapsed as to numerous other defendants." *Scialo*, 821 F.Supp. at 1278. *McKinney* permitted a later-served defendant "to join an otherwise timely notice of removal by ten other defendants." *Id.* The instant case involves the situation where earlier served defendants failed to timely file their notice of removal and are now attempting to piggy-back onto the notice of removal of a later-served defendant. Furthermore, Autozone was not served after the thirty day period to remove had expired. Rather, Autozone had approximately two weeks to obtain the consent of the other Defendants and file the removal petition.

This Court adopts the single-date-of-removal rule adopted by the majority of the courts that have dealt with the timeliness issue.

Next, AutoZone argues that exceptional circumstances exist so that AutoZone should be excused from the single-date-of-removal rule. It is true that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Brown v. Demco, Inc.*, 792 F.2d at 482. However, the Court finds that no such exceptional circumstances are present here.

■ Contrary to what AutoZone argues, Plaintiffs' staggered service of Defendants is not an "exceptional circumstance" negating the applicability of the single-date-of-removal rule. Such staggered service did not foreclose AutoZone's right to remove before it had even been served with a copy of the complaint. Even though AutoZone was served eighteen days after the first served Defendant Bill Murray, AutoZone had approximately two weeks to obtain the consent of the other Defendants and file the Notice of Removal. AutoZone, however, failed to do this. Rather, AutoZone did not file the Notice of Removal until 29 days after AutoZone was served, and 47 days after Bill Murray was served.

In *Milstead*, 797 F.Supp. at 573–74, the court held that the consent or joinder of a second-served defendant was not required at the time of the first-served defendant's filing of its notice of removal due to the exceptional circumstance that the second-served defendant was served slightly less than three hours before the filing of the removal papers. Thus, the first-served defendant did not have "reasonable time" in which to obtain the consent of the later served defendant. In the instant case, however, AutoZone had approximately two weeks to obtain the consent of the earlier served Defendants.

■ Next, AutoZone argues its uncertainty as to the amount in controversy is an "exceptional circumstance." AutoZone argues the delay in filing the removal petition was due to its uncertainty as to the amount in controversy. Yet, in its Notice of Removal AutoZone states that "the amount in controversy exceeds the sum or value of Fifty Thousand and No/100 Dollars ($50,000.00), exclusive of costs, interest, and attorneys' fees." Defendant AutoZone, Inc.'s Notice of Removal at 4. AutoZone does not state prior to filing the Notice of Removal that it received a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is now one which is removable. Rather, AutoZone states that "it decided to remove with a speculation as to the amount in controversy" and that "[given that any of the Defendants could have removed beyond the 30–day removal deadline following discovery on the amount in controversy, AutoZone should not be penalized for expediting removal with an estimate as to damages." AutoZone's Opposition to Plaintiff's Motion For Remand at 9–10.

If AutoZone was truly in doubt as to the amount in controversy, then AutoZone

should never have filed its Notice of Removal in the first place. AutoZone is attempting to use its amount in controversy argument as a two-edged sword. The Court finds Auto-Zone's argument unacceptable. Even though the Complaint merely states that "[t]his is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of costs and interest," the Court finds that it is apparent from the face of the Complaint that the amount in controversy in this case exceeds $50,000.00.[1]

■ Finally, AutoZone argues as an "exceptional circumstance" the "delay incurred to determine insurance coverage for Auto-Zone, Inc. for the accident at issue." After receiving the Summons and Complaint, Auto-Zone notified its insurer, Kemper National Insurance Companies ("Kemper") of the accident and lawsuit. Since the lawsuit arises out of an alleged defect in a product manufactured by Superior, Kemper made a demand on Superior's insurer, Whiteby Insurance ("Whiteby"), that Whiteby defend and indemnify AutoZone in the present lawsuit. On March 17, 1994, Whiteby notified Kemper that it would provide a defense to AutoZone. On March 21, 1994, the law firm of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A. ("Eubanks") was retained to represent Auto-Zone in the present lawsuit. The Eubanks law firm is currently representing all of the defendants in this case.

AutoZone argues that not retaining counsel until thirty days after Bill Murray was first served constitutes an "exceptional circumstance" warranting non-applicability of the single-date-of-removal rule. The Court disagrees. First of all, the Eubanks law firm was retained to represent Superior before the thirty-day period had effectively run. On March 14, 1994, the Eubanks law firm filed Superior's Answer (Doc. No. 4) in the state court. Thus, even though AutoZone may not have retained the Eubanks law firm until thirty days after Bill Murray was served, Superior was represented by the Eubanks law firm sometime before March 14, 1994. Superior's counsel had ample time to file a Notice of Removal. Moreover, a party failing to obtain counsel before the thirty day period expires is not an "exceptional circumstance."

28 U.S.C. § 1447(c) provides in part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice or removal under section 1446(a)." A defect in the removal procedure exists if there is a failure to comply with the thirty day filing requirement. Because none of the defendants filed a petition for removal within thirty days of the date the first defendant was served, this case should be remanded to state court.

Accordingly,

(1) Plaintiffs' Motion For Remand (Doc. No. 11) is **GRANTED**,

(2) The Court hereby **REMANDS** the case to the Circuit Court of the State of Florida, Seventh Judicial Circuit, in and for Putnam County, and

(3) The Clerk is directed to close the file.

**DONE AND ORDERED.**

---

1. This case involves a pickup truck losing control, resulting in the serious personal injury and the resultant death to decedent Bucky Faulk. *See* Complaint at ¶ 13. The Complaint further states that

"[a]s a direct and proximate result of the defects in the product designed herein, the survivors have suffered mental pain and suffering on account of the death of Bucky Faulk and have further suffered the loss of his support, services and companionship from the date of death to present and continuing indefinitely into the future. The Plaintiff's Estate has lost the value of his net accumulations and the reasonable value and expense of hospital, medical and nursing care and attention.

Complaint at ¶ 14.