**Clayton HELLER, Plaintiff,**

v.

**KOMATSU FORKLIFT COMPANY, LTD., et al., Defendants.**

No. 94 C 7177.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 5, 1994.

Steven C. Fuoco, Hilfman & Fogel, P.C., Chicago, IL, for plaintiff.

Kevin G. Owens, Johnson & Bell, Ltd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Wisconsin Lift Truck Corp. ("WLT") has filed a Notice of Removal (the "Notice") from the Circuit Court of Lee County, Illinois, of this action brought against WLT and two other corporate defendants by Clayton Heller ("Heller"). For the reasons stated in this memorandum opinion and order, this Court sua sponte remands this action to the state court for lack of subject matter jurisdiction.

At the outset it should be mentioned that if WLT were indeed able to file a proper and timely Notice by establishing the existence of federal jurisdiction, it has chosen the wrong federal courthouse to begin with. Lee County is in the Western Division and not the Eastern Division of the Northern District of Illinois, and 28 U.S.C. § 1446(a)[1] expressly designates the Western Division as the proper forum for the filing of removal papers.

That inattention to one of the most basic requirements of removal procedure typifies the lack of care that has been exhibited here by WLT's counsel. Thus their preparation of the Notice has also injected some clearly jurisdictional flaws that mandate remand under Section 1447(c):[2]

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. This opinion does not address another potential jurisdictional problem as to the amount in controversy. Heller's ad damnum complies with the constraints of Illinois pleading by seeking only

"an amount in excess of $15,000.00." This Court is really not in a position to know whether the boilerplate allegations of injuries (Complaint ¶ 12), which all practitioners in the field know are frequently attached to pleadings filed by anyone who has sustained even some minor personal injury, do or do not signify satisfaction of the

1. Notice ¶ 7 asserts (on information and belief, which of itself is not a problem) that Heller "is a resident of Lee County, Illinois." But by definition diversity of citizenship (the asserted predicate for federal jurisdiction here) implicates an individual's *citizenship* and not his or her *residence*, so that the party who seeks to enter the federal court system—whether a plaintiff via complaint or a defendant via removal—must affirmatively establish that factor (*America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992) (per curiam)) to avert dismissal (in the case of an original action) or remand (in the case of a removed action).

2. Neither of the two corporate defendants other than WLT is identified as to *both* facets of its corporate citizenship under Section 1332(c)(1). That too is a jurisdictional defect, for WLT has once more failed to satisfy its burden of establishing federal jurisdiction by affirmative allegations (*Indiana Hi–Rail Corp. v. Decatur Junction Ry.*, 37 F.3d 363, 366 n. 3 (7th Cir.1994)).

Despite the plain directive of Section 1447(c), this Court had considered the possibility of deferring entry of a remand order altogether so that WLT might have a brief period to cure the jurisdictional flaws if it were possible to do so (see Section 1653). However, two factors have led to the slightly different (but substantively equivalent) course adopted here.

First, under this District Court's General Rule ("GR") 30(B) the court can permit the mailing of the certified copy of a remand order to be delayed for up to 14 days after the order is docketed. That provides the same effective result as deferral of the entry of the remand order in the first place. In this instance, because there is no need to delay the matter here for as much as 14 days (if the defects identified here are curable at all, WLT should be able to do so in short order—certainly within the 30–day period after it was served with process on November 14), the Clerk of Court will be ordered to delay mailing the certified copy of the remand order until December 15, 1994.

■ There is another consideration that ties in to what has been said up to now. Still another problem, though it is nonjurisdictional in nature (and is therefore possibly waivable, see n. 3), has caused the entry of a remand order to appear to be the wiser course. As already stated, there are two other defendants in the case. They have neither joined in nor consented to the removal, and WLT has not explained anything about their absence—so that the removal is procedurally defective under *Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272–73 (7th Cir.1982).[3] And WLT's own defective filing plus its silence about those other defendants also leaves open the question of the timeliness of removal under Section 1446(b) (see, e.g., *Scialo v. Scala Packing Co.*, 821 F.Supp. 1276 (N.D.Ill.1993) and cases cited there).

In summary, this Court finds "that the district court lacks subject matter jurisdiction" (Section 1447(c)) on the basis of the record here, thus mandating the remand of this action to the Circuit Court of Lee County (*id.*). It therefore orders the required remand, but it further orders the Clerk of Court to delay the mailing of the remand order until December 15, 1994 under GR 30(B). If WLT shall have made an appropri-

---

more–than–$50,000 floor that is required for federal jurisdiction. See the suggestion made in this Court's dissenting opinion in *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 371–78 (7th Cir. 1993), which the majority opinion for the panel characterized as "eminently sensible" and therefore "recommend[ed] it to removal-minded defendants in Illinois" (*id.* at 367). For present purposes, however, it will be assumed that the Complaint's reference to the rollover of a forklift truck causing Heller serious injury (Complaint ¶¶ 10 and 12) would in fact satisfy the amount-in-controversy requirement.

3. It is of course true that under recent amendments to the removal statutes any such nonjurisdictional mistake—"any defect in removal procedure" (Section 1447(c))—must be raised by a motion made within 30 days after the notice of removal has been filed (*id.*), failing which the defect is waived. This Court would not therefore treat that problem alone as a basis for a sua sponte remand. In this instance, though, it is just another cumulative factor that confirms the appropriateness of heeding the mandate for remand due to the other and more fundamental jurisdictional deficiencies.

ate filing in this Court's chambers on or before December 14, this Court will immediately consider whether it is in order to modify or rescind the order of remand.