MEMORANDUM OPINION AND ORDER
 

 HADEN, Chief Judge.
 

 Pending are Defendants’ Motions to Dismiss and Plaintiffs’ Motion to Remand. Also pending is Defendants’ Belva Coal, Belva Acquisition, and Charles Stevens Robinson’s Motions to Adopt. The Court GRANTS Plaintiffs Motion to Remand and DENIES Defendants’ motions without prejudice.
 

 Originally, the Complaint was filed in the Circuit Court of Logan County. It named the following defendants: Paul Sturgill, William B. Sturgill, Charles Steven Robinson, Ross Kegan, Belva Coal Co., Belva Coal Acquisitions Inc., and Golden Oak Mining.
 

 Paul Sturgill was served with the Complaint on January 12, 1996. Defendants Belva Coal Co. and Belva Coal Acquisition were served on March 8. On April 16, Belva Coal, Belva Acquisitions and Charles Steven Robinson, who had not yet been served, removed the case to this Court.
 

 Defendants Golden Oak Mining and William B. Sturgill were served with the Complaint on May 28. Defendant Charles Steven Robinson appears to have been served on June 8. On June 20, Defendant William B. Sturgill timely filed a notice of removal in this Court. His notice of removal was joined, in writing, by counsel for all defendants. Jurisdiction to remove was based on Defendants’ allegation that Plaintiffs’ state law claims were pre-empted by ERISA and by Section 301 of the Labor Management Relations Act.
 

 Plaintiffs countered that Defendants’ removal procedure was defective and that the case must, therefore, be remanded. 28 U.S.C. § 1446(b) provides:
 

 The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...
 

 Section 1447(c) specifies two grounds for remand, one of which is a “defect in the removal procedure.” An untimely removal notice or any “[fjailure to comply with the requirements of § 1446(b) constitutes a ‘defect in removal procedure.’ ”
 
 Page v. City of Southfield,
 
 45 F.3d 128, 131 (6th Cir.1995) (citations omitted).
 

 On more than one occasion this Court has recognized that that “[r]emoval statutes must be strictly construed against removal. Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction.”
 
 Scott v. Greiner,
 
 858 F.Supp. 607, 610 (S.D.W.Va. 1994) (Haden, C.J.) (citations omitted). “As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature.”
 
 Henderson v. Holmes,
 
 920 F.Supp. 1184, 1186 (D.Kan. 1996). Our Court of Appeals has observed:
 

 the burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.
 

 Mulcahey v. Columbia Organic Chemicals Co., Inc.,
 
 29 F.3d 148, 151 (4th Cir.1994) (citations omitted).
 

 While the removal statute does not require expressly, it is well established that “all defendants must join in the petition for removal.”
 
 Gibson v. Tinkey,
 
 822 F.Supp. 347, 348 (S.D.W.Va.1993);
 
 Means v. G & C Towing, Inc.,
 
 623 F.Supp. 1244 (S.D.W.Va. 1986). Here, all defendants purported to
 
 *478
 
 join in William Sturgill’s June 20 removal petition, which was filed within thirty days after he was served. It also appears Defendants Charles Steven Robinson, Golden Oak Mining, and Charles Steven Robinson joined in the William Sturgill removal petition within thirty days of service upon them. The Court has not been able to determine the date of service, if any, upon Ross Kegan. The three remaining defendants, however, did not remove, consent or join in a removal petition within thirty days of service upon them.
 

 The question to be decided is whether the three defendants, who ignored the time limitations of 28 U.S.C. § 1446(b), can preserve this removal by joining in the removal notice of the last served defendant, who abided by the statute. The Court holds they cannot and remand is required.
 

 There is a split among the circuits about when the § 1446 clock starts ticking for removal in multi-defendant actions. Our Court of Appeals, in determining whether the thirty day limit on removal begins to run with the first service in a ease in which there are defendants served on different days, stated:
 

 The issue is whether B has thirty days from the time he himself is served to join the removal petition, or must join within thirty days of A’s service.
 

 McKinney v. Bd. of Trustees of Mayland Community College,
 
 955 F.2d 924, 926 (4th CÜT992) (citation omitted). The majority of courts have found “the thirty day period for removal commences for all defendants when service is accomplished on the first-served defendant.”
 
 Henderson v. Holmes, supra,
 
 920 F.Supp. at 1188 n. 3. Our Court of Appeals, however, rejected this “first served controls” rule.
 

 The Fourth Circuit “to be fair to both plaintiffs and defendants alike,”
 
 McKinney,
 
 955 F.2d at 927, adopted the reasoning of the district court:
 

 [UJnder the [first served controls rule], the rights of the defendants generally could rather easily be overcome by tactical maneuvering by plaintiffs. Suppose, for example, plaintiff selves defendant A, thus starting the thirty day period running, and then maneuvers to serve defendant B late on the thirtieth day. Obviously B is unlikely to rush to the courthouse door before it closes to file his joinder of A’s removal petition; he is unlikely to even realize what is happening to him before it is too late____ This cannot be what Congress had in mind.
 

 Id.
 
 at 928. The Court of Appeals pointed out that Congress amended § 1446(a) in 1988 to make removal petitions subject to Rule 11 of the
 
 Federal Rules of Civil
 
 Procedure:
 

 As amended, section 1446(a) is further reason to allow all defendants a full thirty days to investigate the appropriateness of removal. Otherwise later served defendants will either have to forgo removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions. Congress surely did not intend to impose such a Hobson’s choice on later served defendants.
 

 Id.
 

 Although the Fourth Circuit rejected the “first served controls” rule, it clearly did not go so far as to adopt the still more liberal rule suggested by Defendants, which would allow parties who missed their opportunities to file notices of removal then to join in a later served defendant’s timely removal.
 
 [1]
 
 Indeed, the plain language of McKinney's holding precludes such a result:
 

 [W]e hold that under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition.
 

 Id.
 

 [2]
 

 The only court in the Fourth Circuit to interpret
 
 McKinney
 
 in a case analogous to
 
 *479
 
 this one found that a later joined defendant is bound by the inaction of previously served defendants.
 
 Beasley v. Goodyear Tire & Rubber Co.,
 
 835 F.Supp. 269, 273 (D.S.C. 1993). In
 
 Beasley,
 
 the issue was whether the original defendant’s:
 

 failure to remove within the statutory time period bound the added defendant, thereby preventing the removal of this ease. As seen below, this court determines that the failure of [the original defendant] to remove during the original thirty day time period is deemed a waiver of the right of removal which is binding on [the added defendant].
 

 Id.
 
 at 271. Relying on
 
 McKinney,
 
 the
 
 Beasley
 
 Court found that since the original defendant “did not petition for removal within the statutory thirty day period, the case may not be removed.”
 
 Id.
 
 at 272.
 

 That holding not only follows the clear language of
 
 McKinney,
 
 but it is also consistent with McKinney’s concern for fairness to defendants. A central concern of the
 
 McKinney
 
 Court was that the majority rule, the so-called “first served controls” rule, creates a situation in which tactical maneuvering by Plaintiff may be able to defeat defendants’ right of removal. Under a strict application of the first served rule, a plaintiff could thwart a subsequently served defendant’s right of removal by delaying service of additional defendants until more than thirty days after service of the previously served defendant. Under that rule, a subsequently served defendant cannot join in a removal petition more than thirty days after the first served defendant is served, even if the first served defendant timely removed the case. The
 
 Beasley
 
 Court’s ruling will not allow such maneuvering to defeat any defendants’ right of removal because, under
 
 Beasley,
 
 each defendant has the right to file a notice of removal within thirty days of being served. By allowing each defendant thirty days to decide whether to remove, the
 
 Beasley
 
 decision also satisfies
 
 McKinney’s
 
 Rule 11 concerns because no defendant is forced, under
 
 Beasley,
 
 to join hurriedly in a removal petition.
 

 Thus, according to Fourth Circuit precedent, each of the seven defendants in the instant action was accorded the opportunity to remove within thirty days of service, but, at best, only four of them filed, joined or consented to timely removal notices. Consequently, the three defendants who did not file timely notices of removal may not join now in William B. Sturgill’s removal petition after failing to act seasonably themselves. Accordingly, the action is REMANDED pursuant to 28 U.S.C. § 1447(c) because of a defect in the removal procedure.
 

 The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the Clerk of the Circuit Court of Logan County, West Virginia.
 

 [1]
 

 . It appears the only court to reach such a conclusion is a California district court which held that although a defendant who fails to remove a case within thirty days of service "may have waived its right to do so, there is no compelling reason for precluding it from joining in or consenting to another defendant's removal."
 
 Ford v. New United Motors Mfg., Inc.,
 
 857 F.Supp. 707, 710-11 (N.D.Cal.1994). That holding, however, is in direct conflict with Fourth Circuit law.
 

 [2]
 

 . An Illinois District Court noted the majorily of courts "have adopted the single date of removal rule, with Section 1446(b)’s 30-day time clock
 
 *479
 
 beginning to run with the service of the first defendant entitled to remove.”
 
 Scialo v. Scala Packing Co., Inc.,
 
 821 F.Supp. 1276, 1277 (N.D.Ill.1993). The
 
 Scialo
 
 Court based its rejection of the majority rule on the Fourth Circuit’s
 
 McKinney
 
 opinion, and observed that although
 
 McKinney
 
 disagreed with the strict application of the "first served controls” rule:
 

 it did not approve what has been tried by the Commonwealth here — the starting up of an entirely new time clock by a previously unserved defendant well after the time for removal had lapsed as to numerous other defendants. Instead
 
 McKinney
 
 permitted an eleventh defendant — one who had been served less than a week before the initial 30-day period ran out— to join an otherwise timely notice of removal by ten other defendants.
 

 Id.