**PARADISE MOTORS, INC. Plaintiff,**

v.

**TOYOTA DE PUERTO RICO CORP., Toyota Motor Corporation, and Toyota Motor Sales, U.S.A., Inc. Defendants.**

Nos. CIV.2002–158, CIV.2002–161.

District Court,
Virgin Islands,
D. St. Thomas and St. John.

March 6, 2003.

Ronald W. Belfon, St. Thomas, VI, for the plaintiff.

Danielle C. Comeaux, Dudley Clark & Chan, St. Thomas, VI, For the defendants.

## OPINION

MOORE, District Judge.

On November 22, 2002, this Court heard arguments on Paradise Motors Inc.'s ["Paradise Motors" or "plaintiff"] motion to remand this matter to the Territorial Court. Paradise Motors argues that 28 U.S.C. § 1446(b) requires that this matter be remanded to the Territorial Court because: (1) the two later-added defendants, Toyota Motor Corporation and Toyota Motor Sales, cannot remove this case to federal court because the original defendant, Toyota de Puerto Rico, did not seek removal within thirty days of having been served; (2) the original defendant, Toyota de Puerto Rico, cannot now consent to such removal because it has waived its own right to remove to federal court; and (3) more than one year has passed since the complaint was filed against Toyota de Puerto Rico. I conclude, however, that later-served defendants are entitled under section 1446(b) to their own separate thirty-day period within which to seek removal and that an earlier-served defendant who did not seek removal still may consent to removal by the subsequently-served defendants. In addition, I hold that section 1446(b)'s one-year time limitation on seeking removal applies only to cases in which this Court's jurisdiction was originally invoked on grounds other than diversity, which is not the case in this matter. Accordingly, I will deny the motions to remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2000, Paradise Motors filed its complaint in the Territorial Court against defendant Toyota de Puerto Rico Corporation ["TPR"], alleging claims of wrongful termination of franchise and breach of contract. TPR filed its answer in the Territorial Court on June 29, 2001 and did not remove the action to this Court.

On April 30, 2002, the plaintiff moved to amend its complaint and to add defendants Toyota Motor Corporation ["TMC"] and Toyota Motor Sales ["TMS"]. On May 15, 2002, the Territorial Court granted Paradise Motor's motion, and on August 1, 2002, the plaintiff filed an amended complaint including TMC and TMS as defendants. On August 28 and 30, 2002, TMS and TMC, respectively, filed notices of removal to this Court.[1] In an amended complaint filed on September 13, 2002, TMC stated that TPR consented to removal to this Court.

Paradise Motors moves to remand this matter to the Territorial Court, arguing that TMC and TMS are prohibited from removing this matter to federal court under 28 U.S.C. § 1446(b).

## II. DISCUSSION

This case involves the interpretation of 28 U.S.C. § 1446(b)'s thirty-day and one-year time limits within which to seek removal from a state or territorial court to a federal court and their implications for defendants who are not parties to an action from its inception, are later joined, and wish to remove the matter to federal court. The application of this statute to the facts in this case requires that I determine whether: (1) in a case with multiple defendants served at different times, later-served defendants, such as TMS and TMC,

---

1. Civ. No.2002–158 and Civ. No.2002–161 are consolidated for all purposes. Since TMC filed its notice of removal on August 28 and TMS filed its two days later on August 30, the Clerk's office naturally opened two files. Because the documents filed in each case are not identical, both files must remain open.

get thirty days to seek removal; (2) an earlier-served defendant that failed to remove during its thirty-day period may later consent to removal by subsequently-served defendants; and (3) the one-year limitation applies to cases in which diversity existed within the original pleading.

### A. Under 28 U.S.C. § 1446(b), Defendants Toyota Motor Sales and Toyota Motor Corporation are Entitled to Their Own Separate Thirty–Day Time Period Within Which to Seek Removal to Federal Court

Title 28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). Section 1446(b) does not address, however, how to calculate the timeframe for removal when multiple defendants are served at different times outside the original thirty-day period. The courts are divided in two distinct camps. Some courts have ruled that a later-joined defendant may not seek removal if the original defendant did not do so within thirty days of being served with process. *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986) (holding that later-added defendant could not seek removal "and is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff"); *Varney v. Johns–Manville Corp.,* 653 F.Supp. 839, 841 (N.D.Cal.1987) (same); *Godman v. Sears, Roebuck and Co.,* 588 F.Supp. 121,

123–24 (E.D.Mich.1984) (same); *Schmidt v. National Org. for Women,* 562 F.Supp. 210, 213 (N.D.Fla.1983) (same). In more recent decisions, however, courts have found it unfair to deny a later-joined defendant of its own thirty-day period to remove a case to federal court. *See Marano Enter. v. Z–Teca Rest., L.P.,* 254 F.3d 753, 756 (8th Cir.2001) (holding that each defendant has thirty days after receipt of service to file notice of removal, regardless of whether or when earlier-served defendants sought removal); *Brierly v. Alusuisse,* 184 F.3d 527, 533 (6th Cir.1999) (holding that a later-served defendant has thirty days from date of service to remove a case to federal court); *McKinney v. Board of Trs. of Md. Cmty. Coll.,* 955 F.2d 924, 927 (4th Cir.1992) (holding the same and noting that "[w]e do not think that Congress, in providing for removal to federal court, intended to allow inequitable results").

█ I agree with the latter line of cases that read section 1446(b) in an equitable fashion. Because neither position is immune from possible abuse, (*see Marano,* 254 F.3d at 756 (noting that, upon "[h]aving examined the cases in this area of the law, we ... find neither position particularly compelling, as both are susceptible to abuse and have potential to create inequities")), I choose what I believe to be the fairer ruling, namely, that a subsequently-served defendant is entitled to thirty days from the date of service to file a notice of removal. Accordingly, I find that TMS and TMC timely filed their notices of removal.

### B. An Earlier–Served Defendant that does not Remove to Federal Court Within its Thirty-day Period under Section 1446(b) May Consent When a Later–Served Defendant Seeks to do so

In addition to placing a thirty-day time limit on seeking removal to federal court,

28 U.S.C. § 1446(b) also requires unanimous consent among defendants to remove a matter into federal court. This "rule of unanimity," although not explicitly required by the statute, has developed through caselaw. *See Marano,* 254 F.3d at 756 n. 6 (noting, after holding that subsequently-served defendants had thirty days to seek removal, that "[o]ur holding today in no way affects the rule of unanimity. Later-served defendants seeking removal are required to have the consent of all defendants"); *Brierly,* 184 F.3d at 534 (noting that "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal"); *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995) (noting that "it is well established that removal generally requires unanimity among the defendants") (citing *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)).

■ Paradise Motors argues that TPR cannot now consent to removal because it did not remove this action during the thirty-day period after it was served. Courts also disagree on this issue. *See, e.g. Brierly,* (concluding that a first-served defendant *can* consent to a later-served defendant's removal petition); *Holder v. City of Atlanta,* 925 F.Supp. 783, 785–86 (N.D.Ga. 1996) (holding that later-served defendants cannot obtain consent from earlier-served defendants who waived this right); *Scialo v. Scala Packing Co., Inc.,* 821 F.Supp. 1276, 1278 (N.D.Ill.1993) (refusing to allow earlier-served defendants to consent to later-served defendant's notice of removal). As with my finding that it would be unfair to bar later-added defendants from removal, I also conclude that equity demands that earlier served defendants be permitted to consent to removal by later-served defendants. TPR, therefore, may consent to removal of this matter to this Court.

### C. 28 U.S.C. § 1446(b)'s One-year Limitation on Removal of State Court Cases Does not Apply to Actions in Which Diversity was Established from the Commencement of the Action

In addition to placing a thirty-day time limit on filing notices of removal, section 1446(b) also imposes a one-year limitation on removal:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).

Because the language concerning the one-year limitation is included in the sentence referring specifically to actions that were based on diversity jurisdiction (section 1332), some courts have not allowed removal more than one year after a complaint in which the parties are diverse was filed in state court. *See Brierly,* 184 F.3d at 535 (holding that section 1446(b)'s one-year limitation applies only to cases not initially removable); *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 886 (5th Cir.1998) (concluding that, "[a]lthough the scant legislative history regarding Section 1446(b) is not completely without ambiguity," when read in its entirety, the provision requires an interpretation that the one-year limitation applies solely to cases that

are not initially removable for lack of diversity of parties); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316 (9th Cir. 1998) (reaching the same conclusion, and noting that "the most sound reading of a sentence will refer its limiting clause back to the antecedent clause to which it is attached, and not to other paragraphs or sentences in the statute"); *Zogbi v. Federated Dep't Store,* 767 F.Supp. 1037, 1039–40 (C.D.Cal.1991) (same); *Greer v. Skilcraft,* 704 F.Supp. 1570, 1582 (N.D.Ala. 1989) (same). Other courts, however, have interpreted this final phrase as applying to *both* paragraphs of section 1446(b), and have held that *no* case may be removed to federal court after one year in state court. *See O'Brien v. Powerforce, Inc.,* 939 F.Supp. 774, 778 (D.Haw.1996); *Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 353 (M.D.La.1996); *Beisel v. Aid Ass'n for Lutherans,* 843 F.Supp. 616, 618–19 (C.D.Cal.1994).

■ I agree with the line of cases that apply this limitations clause only to actions in which diversity of citizenship is not alleged in the complaint against the initial defendant. That Congress drafted section 1446(b) in two distinct paragraphs demonstrates to me an intent to apply the one-year limitation only to those cases that were not removable for lack of diversity of citizenship when the initial complaint was filed. The second paragraph, containing the limitation clause, only discusses cases in which federal jurisdiction is based on diversity of citizenship introduced when the plaintiff adds another defendant. Accordingly, if a case has been pending in territorial or state court for more than one year, an after-added defendant cannot seek to remove to federal court based on diversity of citizenship if diversity was non-existent in the original complaint. That is not the case here. The parties agree that complete diversity existed from Paradise Motor's initial complaint naming Toyota de Puerto Rico as the sole defendant. Accordingly, I find that section 1446(b)'s one-year time limit does not bar the later-served defendants, Toyota Motor Corporation and Toyota Motor Sales, from removing this matter to this Court.

## III. CONCLUSION

In cases involving multiple defendants that are served at different times, 28 U.S.C. § 1446(b) permits each defendant its own thirty-day period of time from the date of service within which to seek removal to federal court. In addition, an original defendant that did not seek removal within thirty days of being served may later consent to removal sought by subsequently-served defendants. Finally, section 1446(b)'s one-year time limitation on removal only bars removal of cases in which diversity of citizenship was not recited in the initial pleading. Section 1446(b) does not bar removal of a case, such as this one, where diversity jurisdiction existed from its inception. Accordingly, I will deny the motion to remand.

## ORDER

For the reasons stated in the accompanying opinion of even date, it is **HEREBY ORDERED** that the plaintiff's motions to remand [Civ. No.2002–158, docket entry # 4; Civ. No.2002–161, docket entry # 5] are **DENIED.**