Terrell **BEASLEY**, Plaintiff,

v.

**GOODYEAR TIRE AND RUBBER COMPANY, Kelsey–Hayes Company and Burnside Dodge, Inc., Defendants.**

Civ. A. No. 2:93–1524–18.

United States District Court,
D. South Carolina,
Charleston Division.

Oct. 20, 1993.

---

**270**

J. Paul Detrick, Hampton, SC, for plaintiff.

Robert H. Hood and James G. Kennedy, Charleston, SC, for defendants.

## ORDER

NORTON, District Judge.

This matter is before the court upon plaintiff's motion to remand.

## I. BACKGROUND

This is a products liability action for injuries sustained by the plaintiff on August 12, 1990 as a result of an explosion of a tire. The explosion of the tire occurred while plaintiff was attempting to mount the tire on the rim.

The initial complaint was filed in the Court of Common Pleas in Colleton County on July 14, 1992. The defendants Goodyear Tire and Rubber Company (hereinafter "Goodyear") and Motor Wheel Corporation (hereinafter "Motor Wheel") filed an answer on August 19, 1992. The defendant Burnside Dodge, Inc. (hereinafter "Burnside") filed an answer on September 16, 1992. During the discovery period, it was learned that the rim in question was not manufactured by Motor Wheel as initially thought, but was manufactured by Kelsey–Hayes Company (hereinafter "Kelsey–Hayes"). As a result, plaintiff filed an amended complaint on May 10, 1993 adding Kelsey–Hayes as a defendant in place of Motor Wheel.

The plaintiff is a citizen of the State of South Carolina. Defendants Goodyear and Kelsey–Hayes are corporations organized and existing under the laws of a state other than the State of South Carolina. Their principal places of business are in a state other than the State of South Carolina. Defendant Burnside is a South Carolina corporation.

Kelsey–Hayes filed a notice of removal to federal court on June 23, 1993. The basis of this removal was that the non-diverse defendant, Burnside, is a sham defendant, named only to prevent removal. The removal was with the consent of Goodyear and Burnside.

## II. ANALYSIS

### A. Sham Defendant

■ The basis of the defendants' claim that Burnside is a sham defendant is that the relevant portion of the DOT number on the tire indicates that the date of manufacture of the tire is 179. This means that the tire was either manufactured in the 17th week of 1989 or the 17th week of 1979. The plaintiff has alleged that the tire was a spare on a 1986 Dodge Lancer which he purchased from Burnside on June 23, 1987.[1]

1. The DOT number on the tire and the alleged date of the purchase of the tire from Burnside were set forth in paragraphs five, six and seven of the initial complaint. These facts were therefore known by the defendants Goodyear and Burnside since service of the initial complaint.

Plaintiff's expert, George Edwards,[2] states: [t]hat the Goodyear tire in this particular case (Beasley) has a DOT serial number MKKA EC1 179. The last three numbers in this serial number indicate the week and year this particular tire was manufactured. Therefore, without any further information, it is his opinion that this tire was manufactured either the 17th week of 1979 or the 17th week of 1989. The last number in the DOT serial number represents the last number of the year of manufacture.

Edwards Affidavit, p. 1. Mr. Edwards makes no conclusions as to the actual date of manufacture of the subject tire. Defendants' experts, as seen below, provide more conclusive and convincing evidence as to the tire's date of manufacture.

According to the affidavit of John M. Smith, Principal Engineer, Product Analyses Department for Goodyear, filed with the notice of removal, the tire involved was manufactured in 1989. Thus, this would mean that Burnside could not have sold the subject tire with the vehicle in 1987. Mr. Smith examined the tire on January 27, 1993.

An affidavit of Gary C. Bolden, Principal Engineer, Product Analyses Department for Goodyear, filed with defendants' memorandum in this motion, further clarifies that the subject tire could not have been sold with the vehicle in 1987. Mr. Bolden states that the brand of tire involved was not manufactured in 1979 as alleged by plaintiff's expert, Mr. Edwards. He further states that the labeling requirements which this tire complies with were not adopted until 1985.

This court finds that the evidence establishes that the subject tire was manufactured in 1989 and therefore concludes that Burnside is a sham defendant.

**B. Removal**

28 U.S.C. § 1446 states:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

■ There is complete diversity of citizenship between the two viable defendants, Kelsey–Hayes and Goodyear, and the plaintiff, Terrell Beasley. The amount in controversy exceeds fifty thousand ($50,000.00) dollars, exclusive of interest and costs. The issue in this case is whether the removal was timely. Specifically, the issue is whether the original diverse defendant's (Goodyear) failure to remove within the statutory time period bound the added defendant (Kelsey–Hayes), thereby preventing the removal of this case. As seen below, this court finds that the failure of Goodyear to remove during the original thirty day time period is deemed a waiver of the right of removal which is binding on Kelsey–Hayes.

In *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir.1992), the Fourth Circuit stated:

[W]here B is served *more than* 30 days after A is served, two timing issues can arise, and the law is settled as to each. First, if A petitions for removal within 30 days, the case may be removed, and B can either join in the petition or move for

---

**2.** Mr. Edwards states in his affidavit that he is a tire consultant specializing in tire failure analysis. He states that he has over fifty years experience in the field of tire design, research and development, testing and the retreading of tires.

remand. Second, if A does *not* petition for removal within 30 days, the case may not be removed.

*Id.* at 926 n. 3 (emphasis in original) (citations omitted). In *McKinney,* the issue involved determining whether one of the defendants timely joined in the petition for removal. The facts of *McKinney* were as follows:

> The plaintiffs filed their complaint ... on April 25, 1988. Three of the twelve defendants were served with process the same day. Eight others were served on May 19, twenty-four days later. The first three defendants who were served and seven of the eight others then petitioned for removal on May 25, exactly thirty days after service on the first three defendants.
>
> The one defendant who had been served on May 19 but who did not join in the petition for removal on May 25 was Saxton Hall Smith. Smith was out of town at the time and his attorney had not been able to contact him. A twelfth defendant, Evelyn Dobbin, was served after the petition for removal was filed. She and Smith joined in the petition for removal on June 20.

*Id.* at 925.

*McKinney* is factually distinguishable from the case at bar. In *McKinney,* the defendants had all been served within 30 days of each other, but on various dates. The initially served defendants had removed the case and the issue involved the time period in which some of the subsequently served defendants had to join in that petition. Under those facts the court held that "under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *Id.* at 928.

Although the facts are distinguishable, the legal principles stated in *McKinney* are directly applicable to the case at bar. In the footnote cited above, the Fourth Circuit clearly stated the general rule of removal involving a subsequently served defendant, served thirty days after the initial defendant. Applying that rule to the present case, since Goodyear **did not** petition for removal within the statutory thirty day period, the case may not be removed.

In January of 1993, Goodyear had conclusive evidence that Burnside was a sham defendant, yet Goodyear chose not to remove this action at that time. Goodyear's 30 day time limit in which to remove came and went with no attempt to remove this action. Removal was not sought until approximately six (6) months later on June 23, 1993 by Kelsey–Hayes. The amended complaint did not set forth a new basis of federal jurisdiction; rather it only added a new defendant. *See Noble v. Bradford Marine, Inc.,* 789 F.Supp. 395, 397 (S.D.Fla.1992) ("Unless the amendment sets forth a new basis of federal jurisdiction, subsequent events do not make a removable case 'more removable' or 'again removable.'"). The same allegations regarding the DOT tire number and the alleged date of the purchase of the tire from Burnside were all set forth in the original complaint.[3] Kelsey–Hayes is therefore bound by Goodyear's failure to remove the case within 30 days after Goodyear learned that Burnside was a sham defendant.[4]

---

**3.** The court has, up until this point, primarily discussed Goodyear's failure to remove this action after learning of Burnside's status as a sham defendant. The court also notes Goodyear's failure to remove this action when the initial complaint was filed. Both the DOT number and the alleged date of purchase of the vehicle and tire were contained in the initial complaint. It is therefore possible that the initial complaint was removable upon its filing. This court, however, believes that the second paragraph of 28 U.S.C. § 1446(b) more aptly fits the facts of this case and therefore concentrates its discussion on Goodyear's failure to attempt removal upon learning of the sham defendant status of Burn-

side in January of 1993. Under either scenario—failure to remove after the filing of the initial complaint or failure to remove after January of 1993 when evidence proved that Burnside was a sham defendant—removal in this case is improvident.

**4.** In support of their right to removal, defendants cited only two authorities—Wright, Miller and Cooper and *Garside v. Osco Drug, Inc.,* 702 F.Supp. 19 (D.Mass.1988). Wright, Miller and Cooper are critical of the decisions which have denied the right to remove. They state: "A subsequently served defendant has 30 days to seek

Furthermore, the defendants argue that even though removal was not sought within the statutory time period, it was still sought within a reasonable time after the defendants learned that the joinder of Burnside was fraudulent. To attempt to support this theory, defendants again urge the court to adopt the writings of Wright, Cooper and Miller:

> The time limits [of § 1446] will be ignored when removal is sought on the ground that some defendants have been fraudulently joined to prevent removal. In this situation it is only necessary that the petition be filed within a reasonable time after defendant learns that the joinder is fraudulent.

14A Wright, Miller & Cooper § 3732, p. 530.

This court, however, finds that removal was not even sought within a reasonable time after the defendants learned that the joinder of Burnside was fraudulent. There was conclusive evidence in January of 1993 that Burnside was a sham defendant and Goodyear did nothing to remove the case. Removal was not sought until approximately six (6) months later on June 23, 1993 by Kelsey–Hayes. Again, Kelsey–Hayes is bound by Goodyear's failure to act promptly or reasonably in removing this action.

### C. Summary

This court finds that the Fourth Circuit directive in *McKinney* indicates that remand is proper in this case—because Goodyear did not petition within 30 days of the initial filing of the complaint nor within 30 days of learning that Burnside was a sham defendant. Therefore, this court holds that where a de-

fendant is served **more than** 30 days after initial defendants and the initial defendants do not petition for removal within 30 days, the case may not be removed. *See McKinney*, 955 F.2d at 926 n. 3.

Under the facts of this case, this court finds that Goodyear failed to remove this case within the thirty day statutory time limit and, furthermore, failed to remove the case within a reasonable time after learning that Burnside was a sham defendant. The subsequently joined defendant, Kelsey–Hayes, is unfortunately bound by the inaction of its fellow defendant and must return to state court.

### III. CONCLUSION

It is therefore,

**ORDERED,** that the plaintiff's motion to remand be **GRANTED.** It is further

**ORDERED,** that the above styled action be **REMANDED** to the Court of Common Pleas in Colleton County, South Carolina from which it was improvidently removed.

**AND IT IS SO ORDERED.**

---

removal, even though its co-defendants may be time barred from doing so." 14A Wright, Miller & Cooper § 3732, p. 530. The *Garside* court followed the Wright, Miller and Cooper approach, observing that under that approach all defendants are treated equally; that is, any defendant can remove the case if it can persuade its co-defendants to consent to removal. The *Garside* court stated:

> [T]he Wright and Miller approach appears to be the more practical and enlightened. This

court holds, therefore, that a subsequently served defendant has thirty days to seek removal, even though its co-defendants may be time-barred from doing so.
702 F.Supp. at 22. In *McKinney*, the Fourth Circuit appeared to indicate that it would not be inclined to follow the Wright, Miller and Cooper approach. *See* 955 F.2d at 926 n. 3. This court is bound by the Fourth Circuit's directive.