**Douglas M. RATLIFF, Plaintiff,**

v.

**John WORKMAN, et al., Defendants.**

No. CIV.A. 2:03–0485.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 31, 2003.

Robert B. Allen, Pamela L. Campbell, Teresa K. Thompson, Allen Guthrie McHugh & Thomas, PLLC, Charleston, WV, for plaintiff.

Michael D. Mullins, Robert L. Bailey, Steptoe & Johnson, PLLC, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the court is the plaintiff's motion to remand [Docket 5]. The plaintiff seeks to remand this civil action to the Circuit Court of Boone County, West Virginia pursuant to 28 U.S.C. § 1447. The plaintiff alleges that removal of the action was untimely because two of the four defendants failed to file a timely notice of removal within the thirty day period set forth in 28 U.S.C. § 1446(b). For the reasons stated below, the court **DENIES** the plaintiff's motion to remand.

### I. Background

On February 21, 2003, the plaintiff, Douglas M. Ratliff, filed a civil action in the Circuit Court of Boone County, West Virginia, against the City of Madison and the City of Madison Police Department (City Defendants), and against two officers of the City of Madison Police Department, John Workman and Tim Jarrell (Individual Defendants). Ratliff's complaint asserts various causes of action, including six state law claims and two claims under 42 U.S.C. § 1983 against the Individual Defendants. The complaint and process were served upon the City Defendants on April 25, 2003, and on the Individual Defendants on

May 1, 2003. On May 29, 2003, thirty-four days after service on the City Defendants and twenty-eight days after service on the Individual Defendants, the defendants jointly filed a "Notice of Removal." The defendants argued that this court has original jurisdiction under 28 U.S.C. §§ 1331 & 1343, and that this civil action may be removed under 28 U.S.C. §§ 1441 & 1443.[1] On June 27, 2003, the plaintiff filed a motion to remand, asserting that the defendants' removal procedure was defective and that the case must be remanded.

## II. Discussion

■ The issue before the court is whether, in cases with multiple defendants served at different times, each defendant has an independent right to remove the entire action within thirty days of being served, or whether the failure of one defendant to timely remove the action bars the removal of the action by any other defendant. The plaintiff in this case argues that because the City Defendants failed to file a timely notice of removal, they cannot now join in the timely notice of removal filed by the Individual Defendants. In other words, the plaintiff advocates a version of the "first-served" rule— if the first-served defendants do not join in a notice of removal within thirty days, no defendants served after the first-served may remove a state action to federal court, even if they file a notice of removal within thirty days of being served themselves. The City Defendants, however, contend that each defendant has thirty days in which to initiate removal, and that they should not be barred from joining the Individual Defendants' timely petition for re-

moval. This court **FINDS** that as a matter of law that a later-served defendant has thirty days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.

The governing provision is 28 U.S.C. § 1446(b), which states:

> The notice of removal in a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within thirty days after the service of summons upon the defendant.

28 U.S.C. § 1446(b) (2003). Section 1447(c) specifies that a "defect in the removal procedure" is a grounds for remand. 28 U.S.C. § 1447(c). "An untimely removal notice or any failure to comply with the requirements of 28 U.S.C. § 1446(b) constitutes a 'defect in removal procedure.'" *Bazilla v. Belva Coal Co.*, 939 F.Supp. 476, 477 (S.D.W.Va.1996) (quotation omitted). The statutory language of § 1446(b), however, does not address how to calculate the timing for removal when multiple defendants are served at different times. Although the Fourth Circuit previously has addressed this issue in dictum in the case of *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir.1992), and although Judge Haden specifically has spoken to this issue in *Bazilla*, this court believes that the considerations that motivated the Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448

---

1. At the defendants' request, Ratcliff agreed to extend the deadline for the defendants' answer or responsive pleading from May 26, 2003, until June 3, 2003. An extension to a responsive pleading deadline does not extend the statutorily mandated removal period. *See Prowell v. W. Chem. Products, Inc.*, 678 F.Supp. 553, 555 (E.D.Pa.1988); *Transp. Indem. Co. v. Fin. Trust Co.*, 339 F.Supp. 405, 408 (C.D.Cal.1972) (holding that a stipulation to extend the time to move, answer, or otherwise respond does not have the effect of authorizing or consenting to jurisdiction of the federal court).

(1999), counsel in favor of a different interpretation of § 1446(b) in the context of multiple defendant lawsuits.

## A. Multiple Defendants and § 1446(b)—The Choice of Two Different Rules

There is a split among the circuits regarding when the clock begins to run on the thirty day removal period under § 1446(b) in cases with multiple defendants. Under the first-served defendant rule, the thirty-day period begins to run as soon as the first defendant is served. Under the later-served defendant rule, a later-served defendant has thirty days from his receipt of service to remove, with the consent of the other defendants.

### 1. The Fifth Circuit's Approach—The "First–Served" Rule

The Fifth Circuit has adopted the first-served rule, as set forth in *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986), and reaffirmed in *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254 (5th Cir.1988). In *Brown*, a defendant who was added to a state court action that had been pending in state court for four years removed the case to federal court within thirty days of his individual service. 792 F.2d at 480. All of the defendants concurred in the removal. *Id.* In considering the plaintiffs' motion to remand, the Fifth Circuit based its decision on the rule of unanimity [2] and on equitable concerns. *Id.* at 481–82. Because all defendants must join in a removal petition under 28 U.S.C. § 1446(c), the court noted that "if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which

is required for removal." *Id.* at 481 (citation omitted). The court then held that the failure of the first-served defendant to file a notice of removal within thirty days precluded all subsequently served defendants from later removing the action to federal district court unless there was evidence that the plaintiff delayed naming the other defendant in a bad-faith attempt to prevent removal. *Id.* at 482. In so holding, the Fifth Circuit noted the following:

> The general rule has been criticized as unfair .... [W]e do not perceive the suggested unfairness to the subsequently added defendant who is merely not granted an opportunity that might have been available to others. A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position that it would have been if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff. To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

*Id.*

In *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254 (5th Cir.1988), the Fifth Circuit reaffirmed *Brown*, and held that removal for multiple defendants under § 1446(b) must occur within thirty days of the first-served defendant. *Id.* at 1262–63. The plaintiffs in *Getty Oil* filed an action against three separate defendants. *Id.* at 1256. The last-

---

**2.** The rule of unanimity provides that "for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must

either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir.1999).

served defendant joined in the removal petition thirty days after it was served, but fifty-one days after the first defendant was officially served. *Id.* The plaintiffs moved to remand on the basis that not all of the defendants had joined in the removal petition within the thirty day time period under § 1446(b). *Id.*

The Fifth Circuit again began its analysis by stating that the rule of unanimity requires that all defendants who are properly served join in the removal petition within thirty days of service on the first defendant, and that failure to do so renders the petition defective. *Id.* at 1262. The Fifth Circuit held that "[i]n cases involving multiple defendants, the thirty-day period begins to run [for all defendants] as soon as the first defendant is served (provided the case is then removable)." *Id.* at 1262–63 (citing *Brown,* 792 F.2d at 481; 1A James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.168 (1987)). The Fifth Circuit explained its rationale by stating that "since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day in which the first defendant was served."[3] *Id.* at 1263.

2. **The Fourth Circuit's Approach—The Modified "Later–Served" Defendant Rule**

The plaintiff argues that the issue in this case is controlled by the Fourth Circuit's opinion in *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992). In *McKinney,* the plaintiffs filed their complaint in state court on April 25, 1988. *Id.* at 925. Three of the defendants were served on April 25 and eight others were served on May 19. *Id.* The first three defendants who were served and seven of the eight others petitioned for removal on May 25, exactly thirty days after service on the first three defendants. *Id.* The one defendant who had been served on May 19 but who did not join the petition on May 25 joined on June 20. *Id.* The plaintiffs argued that removal was untimely because all defendants had to consent to removal by May 25, thirty days after the first service on any of the first-served defendants. *Id.*

The Fourth Circuit disagreed, stating:

We do not find the *Getty Oil* conclusion to be logical. While the first served defendant clearly must petition for removal within thirty days, section 1446(b) does not imply in any way that later served defendants have less than thirty days in which to act. Although the *Getty Oil* court stated that its rule "promotes unanimity among the defendants," ... "unanimity" appears to be an inappropriate word choice. Rather, in establishing one fixed deadline for defendants served as much as thirty days apart, a better term for what the *Getty Oil* rule could lead to is "inequity." We do not think that Congress, in providing for removal to federal court, intended to

---

3. The majority of scholarly articles considering the issue have rejected the Fifth Circuit's approach. *See, e.g.,* Howard B. Stravitz, *Recocking the Removal Trigger,* 53 S.C.L.Rev. 185, 200–04 (2002); C. Todd Hagins, *Sands in an Hourglass: Solving the Puzzle of Time Limits for Removal to Federal Court,* 68 Def. Couns. J. 421, 428–31 (2001) (noting that "[t]he last-served defendant rule respects the limits of a court's jurisdiction and Congres-

sional intent to give defendants 30 days from the time the court asserts jurisdiction over them to decide on removal"); Comment, Barbara A. Wiesman, *Applying Murphy Bros. v. Michetti Pipe Stringing, Inc. to Removal in Multiple Defendant Lawsuits,* 34 Loy. L.A. L.Rev. 323, 330–33 (2000); Comment, Derek S. Hollingsworth, *Section 1446: Remedying the Fifth Circuit's Removal Trap,* 49 Baylor L.Rev. 157, 162–73 (1997).

allow inequitable results. Nor do we believe that is appropriate for a court to add a word to a statute, as the *Getty Oil* opinion does by inserting "first" before "defendant."

*Id.* at 926–27. After rejecting the *Getty Oil* conclusion, the Fourth Circuit then addressed several policy concerns cited by supporters of the first-served rule. *Id.* at 927. The court stated that "if plaintiffs want to know which court they will be in 'at the earliest possible date,' they need only to make sure that all defendants are served at about the same time." *Id.* The court also noted that by providing for removal in the first place, "Congress seems to believe that the defendant's right to remove a case that could be heard in federal court is at least as important as the plaintiff's right to the forum of his choice." *Id.* Next, the court stated that the first-served rule would allow plaintiffs to use tactical maneuvering to prevent removal by serving a second defendant on the thirtieth day after the first defendant was served. *Id.* at 928. Finally, the court noted that in 1988, Congress amended § 1446(a) to provide that petitions for removal are now subject to Rule 11 of the *Federal Rules of Civil Procedure*–a policy concern that was not present when *Getty Oil* was decided. *Id.* According to the court, this amendment "is further reason . . . to investigate the appropriateness of removal." *Id.* Otherwise, "later served defendants [would] have to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions." *Id.* The Fourth Circuit thus held that "under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *Id.*

While the Fourth Circuit in *McKinney* rejected the *Getty Oil* rule, the case did not require the court to resolve the question at issue here, namely, whether an individual defendant may remove a case within thirty days of service even when a previously served defendant has failed to remove in a timely manner. Nonetheless, the Fourth Circuit addressed this issue in a footnote, stating:

> In a different situation, where B is served *more than* 30 days after A is served, two timing issues can arise, and the law is settled as to each. First, if A petitions for removal within 30 days, the case may be removed, and B can either join in the petition or move for remand. Second, if A does *not* petition for removal within 30 days, the case may not be removed.

*Id.* at 926 n. 3 (emphasis in original) (citations omitted). This statement was unnecessary to the Fourth Circuit's actual decision, however, and is therefore considered dictum.[4] This court is not bound by the Fourth Circuit's dictum and is further persuaded that the Supreme Court's decision in *Murphy Brothers* warrants a different conclusion.

### 3. The Sixth Circuit's Expansion of *McKinney*—The "Later–Served" Defendant Rule

The Sixth Circuit was presented with a variation on the *McKinney* issue in *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999). In *Brierly*, the first-served defendant, a corporation, filed a notice of removal. *Id.* at 530. The case was remanded to state court because

---

4. "Dictum includes 'any statement of the law enunciated by the court merely by way of illustration, argument, analogy, or suggestion.'" *Branch v. Coca–Cola Bottling Co.*, 83 F.Supp.2d 631, 634 n. 12 (D.S.C.2000) (quoting *Black's Law Dictionary* 454 (6th ed.1990)).

the defendant failed to prove diversity among all the parties. *Id.* at 531. When the second defendant was located and served, he attempted to remove the case within thirty days of service on him, but long after the corporate defendant's thirty-day limit on removal had run. *Id.* at 532. On appeal, the Sixth Circuit considered the question of "whether, in cases with multiple defendants served at different times, the last-served defendant is allowed a full 30 days after being served to remove or, instead, only has 30 days from [the] time the first defendant is served." *Id.* at 531. The Sixth Circuit then stated:

> [A]s a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert "first" before "defendant" into the language of [Section 1446] .... We are naturally reluctant to read additional words into the statute, however. If Congress had intended the 30–day removal period to commence upon service of the first defendant, it could have easily so provided.

*Id.* at 533. For those reasons, the court held that "a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Id.*

The Sixth Circuit then addressed the Fourth Circuit's decision in *McKinney*, and after recognizing that the facts in *Brierly* were somewhat different from those presented in *McKinney*, the Sixth Circuit found that "the policy considerations articulated by the Fourth Circuit in *McKinney* are equally applicable to the facts before this court." *Id.* Disregarding the Fourth Circuit's dictum in footnote three of *McKinney*, the Sixth Circuit held that in light of those policy considerations, the first-served defendant could consent to the later-served defendant's petition to remove the case "despite having already failed in its own efforts to remove." *Id.* at

533 n. 3. The Sixth Circuit stated that, "[g]iven the rule of unanimity, holding otherwise would vitiate the removal application of the later-served defendants and thereby nullify our holding that later-served defendants are entitled to 30 days to remove the case to district court." *Id.* Significantly, the Sixth Circuit emphasized that as a matter of fairness to later-served defendants, all defendants must have thirty days from the date of their service to remove to federal court. *Id.* Footnote three of *McKinney* notwithstanding, this rule is consistent with the policy reasons set forth by the Fourth Circuit in *McKinney* and as will be shown below, the Supreme Court in *Murphy Brothers*.

### 4. District Court Decisions in this Circuit

After *McKinney*, there have been numerous district court cases in this circuit that have considered the issue of whether, in multi-defendant cases, the first-served defendant's failure to remove within the statutory time period binds the later-served defendant to thereby prevent remand. In *Bazilla v. Belva Coal Co.*, 939 F.Supp. 476 (S.D.W.Va.1996), a case decided by then-Chief Judge Haden, the court held that "the failure of [the original defendant] to remove during the original thirty day time period is deemed a waiver of the right of removal which is binding on [the added defendant]." 939 F.Supp. at 479 (quoting *Beasley v. Goodyear Tire & Rubber Co.*, 835 F.Supp. 269, 273 (D.S.C. 1993)). This holding was based upon the policy of strictly construing removal statutes against removal and upon the rule of unanimity. *Id.* at 477–78. The court discussed the "plain language" of *McKinney* and concluded that "[a]lthough the Fourth Circuit rejected the 'first served controls' rule, it clearly did not go so far as to adopt the still more liberal rule ... which would allow parties who missed their opportuni-

ties to file notices of removal then to join in a later defendant's timely removal." *Id.* at 478. The court also noted that the only other court in the Fourth Circuit at that point that had interpreted *McKinney* in an analogous case was *Beasley*, and that the *Beasley* court found that because the original defendant " 'did not petition for removal within the statutory thirty day period, the case [could] not be removed.' " *Id.* at 479 (quoting *Beasley*, 835 F.Supp. at 272). The court found that the *Beasley* court's ruling followed "the clear language of *McKinney*, ... [was] also consistent with *McKinney's* concern for fairness to defendants ... [and] also satisfie[d] *McKinney's* Rule 11 concerns because no defendant is forced ... to join hurriedly in a removal petition" *Id.*

Chief Judge Haden's opinion in *Bazilla* is well-reasoned and thorough in its application of *McKinney* to the issue of when the clock starts ticking for removal in multi-defendant actions. In fact, the other district courts in this circuit that have addressed this issue have agreed with Chief Judge Haden, and have all held that *McKinney* requires that first-served defendants must remove within their own thirty-day period. *See, e.g., Superior Painting & Contracting Co. v. Walton Tech., Inc.,* 207 F.Supp.2d 391 (D.Md. 2002); *Branch v. Coca–Cola Bottling Co.,* 83 F.Supp.2d 631 (D.S.C.2000); *Dansberger v. Harford County Educ. Ass'n,* No. 00–1712, 2000 WL 1593486 (D.Md. Oct.20, 2000). These courts reject the argument that *McKinney* represents an abandonment of a strict construction policy in favor of an equitable construction policy. *See, e.g., Branch,* 83 F.Supp.2d at 635 (opining that while "the Fourth Circuit expressly rejected an invitation to base its decision in *McKinney mechanically* on the grounds of strict construction," it "did not express disapproval of that concept"); *Dansberger,* 2000 WL 1593486, at *3 (noting that "[a]dhering to the rule that each defendant

has only 30 days in which to act to remove a case is consistent with a strict construction of § 1446(b), as well as the Fourth Circuit's apparent position"). None of these district courts, however, have addressed the effect of the Supreme Court's decision in *Murphy Brothers* on the timeliness of removal in multi-defendant actions.

### B. *Murphy Brothers* and its Implications on Multi–Defendant Removal

In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court held that informal service based on a faxed "courtesy copy" of the file-stamped complaint did not start the thirty-day period. 526 U.S. at 347–48, 119 S.Ct. 1322. The Court began its analysis by tracing the history of formal service of process, noting that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350, 119 S.Ct. 1322. The Court emphasized that in the absence of service of process, a court "ordinarily may not exercise power over a party the complaint names as defendant." *Id.* It would thus be unfair, the Court reasoned, for a party outside the court's jurisdiction to be forced to decide whether or not to remove to federal court.

The Court next discussed Congress's intent when it enacted § 1446(b), stating that "[n]othing in the legislative history of the 1949 amendment so much as hints that Congress ... intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." *Id.* at 352–53, 119 S.Ct. 1322. The Court found that the inclusion of the phrase "or otherwise" after "service" was included for the benefit of those states that did not require the filing of the complaint before the summons for the lawsuit to

officially commence. *Id.* at 354, 119 S.Ct. 1322. It follows that Congress's intent would be for a defendant to receive some notice of the complaint before his time to remove the suit begins to run.

Finally, the Court rejected the "receipt rule"—in which the time to remove starts on receipt of a copy of the complaint—because it found that the "receipt rule" could "operate with notable unfairness." *Id.* at 356, 119 S.Ct. 1322. In sum, the Court found:

> [I]t would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change—to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority.

*Id.* By looking both to the procedural rationale and to Congress's intent behind the removal statute, the Court concluded that formal service of process is a prerequisite for the running of the thirty-day removal period under § 1446(b). *Id.*

In *Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir.2001), the Eighth Circuit specifically addressed the effect of *Murphy Brothers* on the timing of removal in multi-defendant actions, stating that "[w]e are convinced ... that the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in *Murphy Brothers.*" *Id.* at 756. In *Marano,* two defendants were served on February 1 and two were served on February 3. *Id.* at 754. On March 3, thirty-one days after the February 1 service but twenty-nine days after the February 3 service, all defendants jointly removed the case. *Id.* After reviewing cases following the first-served rule, as well as cases rejecting that rule,

the Eighth Circuit stated that it found "neither position particularly compelling, as both are susceptible to abuse and have potential to create inequities." *Id.* at 756. Based upon the Supreme Court's holding in *Murphy Brothers*—that formal process is required—the Eighth Circuit concluded that "if faced with the issue before us today, the [Supreme] Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices." *Id.* at 756–57 (citing 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.30[3][a][i], at 107–63 (3d ed. 2000) ("[I]t is likely that the [Supreme] Court may decide that the later served defendants may not have their removal right compromised before they are served, and that they ought to have the opportunity to persuade the earlier served defendants to join the notice of removal. Thus, the fairness approach may well, and should, supercede [sic] the unanimity rule.")). Accordingly, the Eighth Circuit held that the "later-served defendants ... had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them." *Id.* at 757.

The court agrees with the Eighth Circuit. Given the Court's emphasis in *Murphy Brothers* on the importance of proper service of process in "our longstanding traditional system of justice," it follows that the Supreme Court would find that the clock for removal begins to run only when any later-served defendant receives formal service of process. If a party is not required to take action in litigation until formal service of process, it follows that the removal rights of later-served defendants cannot be forfeited before being brought into litigation. The time limitation on seeking removal begins to run

when the defendant is properly served in the state court action, not when the state court action is commenced. In applying *Murphy Brothers* to multi-defendant lawsuits, this court finds that it is following Supreme Court precedent as well as Congress's intent to assure defendants adequate time to remove an action to federal court.

## III. Conclusion

After considering the various approaches taken by the courts in deciding the timeliness of a notice of removal when there are multiple defendants served at different times, the court **FINDS** that remand is not appropriate in this case. Specifically, the court **FINDS** that the considerations that motivated the Supreme Court in *Murphy Brothers* also counsel in favor of the later-served defendant rule— i.e., that each defendant has thirty days to remove starting from the time service of process is effected on that defendant. This requires that any previously-served defendant be allowed to consent to join in removal even after the expiration of their own thirty-day time limitation. Once the thirty-day time period for the first-served defendants has expired, however, the first-served defendants are no longer allowed to initiate a petition for removal. In this case, the later-served Individual Defendants filed a timely notice of removal and the first-served City Defendants joined in that notice of removal. Accordingly, the court **DENIES** the plaintiff's motion to remand.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and **DIRECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov*.