HAMILTON, Senior Circuit Judge,
concurring in the judgment in part and dissenting in part:
Over seventeen years ago, in McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924 (4th Cir.1992), this court allowed two defendants, who were not served within thirty days of the date the first three defendants were served, to join a removal petition that was filed by the other ten defendants within thirty days of the date the first three defendants were served. Id. at 926, 928. In so allowing, we rested our decision on the premise that, in removal cases involving multiple defendants, a removal petition must be filed within thirty days of the date the first-served defendant is served. Id. at 926. Under McKinney, the defendants’ removal petition in this case is untimely, as it was filed more than thirty days after the International, the first-served defendant in this case, was served.
Fortunately for the defendants, the majority today jettisons McKinney, choosing instead to adopt the so-called “Last-Served Defendant Rule,” a rule it believes will best serve removal when multiple defendants are involved. The Last-Served *334 Defendant Rule is totally inconsistent with our decision in McKinney, as the rule allows a removal petition to be filed more than thirty days after the date the first-served defendant was served. Because a panel of this court cannot overrule a prior panel, Mentavlos v. Anderson, 249 F.3d 301, 312 n. 4 (4th Cir.2001), I believe we are bound by our precedent in McKinney. Moreover, to avoid the dictates of McKinney, the majority takes language from the Supreme Court’s decision in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), and uses it out of context to conclude that this “no[n-]dispositive” case, ante at 323-24 effectively overrules McKinney. With all due respect to the majority, Murphy Brothers does not overrule McKinney, because: (1) Murphy Brothers did not involve multiple defendants; and (2) the concerns of Murphy Brothers are not implicated in this case. Accordingly, I dissent from the majority’s decision concluding that the defendants’ petition for removal was timely filed under the Last-Served Defendant Rule. However, I concur in the majority’s judgment to the extent it remands the case to state court.
I
A
“Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ... which is not to be expanded by judicial decree.” Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). We presume “that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction.” Id. Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir.2004) (en banc); Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir.1999).
Section 1441(a) of Title 28 provides that “the defendant or the defendants” may seek to remove “any civil action brought in a State court of which the district courts of the United States have original jurisdiction.” 28 U.S.C. § 1441(a). Section 1446 of Title 28 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely removal petition stating the grounds for removal with the appropriate federal district court. Id. § 1446(a). In order to be timely,
[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ....
Id. § 1446(b). The thirty-day window for removal is designed to prevent “undue delay in removal and the concomitant waste of state judicial resources.” Lovern v. Gen. Motors Corp., 121 F.3d 160, 163 (4th Cir.1997).
Unlike § 1446(a), § 1446(b) does not speak in terms of multiple defendants. However, it is well-settled in cases involving multiple defendants that “all of the defendants must agree to the removal of the state court action,” Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir.1985), and, consequently, all served de *335 fendants must join in the removal petition. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir.2006).
The omission of the term “defendants” in § 1446(b) has led to a circuit split over whether every defendant in a multiple-defendant case has a right to seek removal within thirty days of service or whether the thirty-day window begins to run from receipt of service by the first-served defendant. Our decision in McKinney has been recognized as an intermediate rule (the McKinney Intermediate Rule), between the First-Served Defendant Rule (adopted by the Fifth Circuit) on the one hand and the Last-Served Defendant Rule (adopted by the Sixth, Eighth, and Eleventh Circuits) on the other. See, e.g., Guyon v. Basso, 403 F.Supp.2d 502, 506-07 (E.D.Va.2005). And with one exception, district courts in this circuit have faithfully applied the McKinney Intermediate Rule. See Ford v. Baltimore City Dep’t of Soc. Servs., No. 06-2134, 2006 WL 3324896, at *1-2 (D.Md. Nov. 13, 2006) (unpublished) (following McKinney Intermediate Rule); Guyon, 403 F.Supp.2d at 507-10 (same); Superior Painting & Contracting Co., Inc. v. Walton Tech., Inc., 207 F.Supp.2d 391, 392-93 (D.Md.2002) (same); Branch v. Coca-Cola Bottling Co., 83 F.Supp.2d 631, 634-36 (D.S.C.2000) (same); Bazilla v. Belva Coal Co., 939 F.Supp. 476, 478 (S.D.W.Va.1996) (same); Beasley v. Goodyear Tire & Rubber Co., 835 F.Supp. 269, 272 (D.S.C.1993) (same); but see Ratliff v. Workman, 274 F.Supp.2d 783, 786-90 (S.D.W.Va.2003) (declining to follow McKinney Intermediate Rule).
Stated succinctly, the FirsNServed Defendant Rule requires a removal petition to be filed within thirty days of service on the first-served defendant and requires all defendants to join the removal petition within the first-served defendant’s thirty-day window. Like the FirsNServed Defendant Rule, the McKinney Intermediate Rule requires a removal petition to be filed within the first-served defendant’s thirty-day window, but gives later-served defendants thirty days from the date they were served to join the removal petition. The Last-Served Defendant Rule gives each defendant his own thirty-day window; thus, under this rule, the thirty-day window can expire for all but the last-served defendant, as long as the last-served defendant files a timely removal petition within thirty days from the date of service on that defendant.
B
In choosing to reject the McKinney Intermediate Rule, the majority posits that the rule is premised on dicta, primarily from Footnote 3 of the McKinney decision. However, Footnote 3 simply states the necessary corollaries that arise from the McKinney court’s adoption of the principle that a removal petition must be filed within thirty days of service on the first-served defendant. Thus, although the inclusion of Footnote 3 in the McKinney decision arguably was not necessary to the decision, it provides by way of further explanation what are the consequences of embracing a rule that requires the removal petition to be filed within thirty days of service on the first-served defendant.
In McKinney, a group of dismissed employees of Mayland Community College sued the college’s board of trustees in their individual and official capacities in North Carolina state court, alleging unlawful discharge. 955 F.2d at 925. Three of the twelve defendants were served on April 25, 1988, while eight others were served on May 19, 1988. Id. The three members of the first group and seven of the eight from the second group filed for removal on May 25, 1998, thirty days after service on the first three. Id. The defendants could not find the eighth defendant in the second *336 group to obtain her consent to the removal petition. Id. The plaintiffs served the final, twelfth defendant after the filing of the removal petition. Id. The eighth and twelfth defendants joined in the petition for removal on June 20, 1998, which was the thirtieth day from the time of service on the eighth defendant and well within the time limit for the twelfth defendant, but more than thirty days after the first set of three defendants was served. Id.
In moving to remand the case to state court, the plaintiffs argued that the defendants were required to consent to the removal petition within thirty days of service on the first group of defendants. Id. The district court rejected that contention, holding that individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition. Id.
The issue in McKinney was whether the eighth defendant (referred to as “B”) had thirty days from the date he was served to join the removal petition or whether he had to join the removal petition within the thirty days of service on the first three defendants (referred to as “A”). Id. at 926. Footnote 3 of the opinion appears at this point, setting forth the necessary corollaries to our later adoption of the principle that a removal petition must be filed within thirty days of service on the first-served defendant:
In a different situation, where B is served more than 30 days after A is served, two timing issues can arise, and the law is settled as to each. First, if A petitions for removal within 30 days, the case may be removed, and B can either join in the petition or move for remand .... Second, if A does not petition for removal within 30 days, the case may not be removed.
Id. at 926 n. 3.
Turning to the issue before the court, we began our analysis in McKinney by noting that, since § 1446(b) contemplates only one defendant, the language of the section does not provide any guidance when multiple defendants are served on different days. Id. at 926. We then observed that the legislative history of § 1446(b) does not address the situation where multiple defendants are served on different days. Id. As a result, we turned to the circuit case law and noted that the Fifth Circuit was the only circuit to address the issue of removal in multiple-defendant cases. Id.
In Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254 (5th Cir.1988), three defendants were served, the first on September 3, the second on September 5, and the third on September 24. Id. at 1256. The first and second defendants petitioned for removal on September 26, but the third defendant joined the petition on October 24, which was thirty days after it was served but fifty-one days after the first defendant was served. Id. The Getty Oil court held that: (1) a removal petition must be filed within thirty days of the date of service on the first-served defendant and (2) a later-served defendant must join the removal petition “no later than thirty days from the day on which the first defendant was served.” Id. at 1263.
In addressing Getty Oil’s holdings in McKinney, we first noted our explicit agreement with Getty Oil’s first holding, stating that the first-served defendant “clearly must petition for removal within thirty days.” McKinney, 955 F.2d at 926 (emphasis added). Following our agreement with the first holding of Getty Oil, we proceeded to address the question raised by Getty Oil’s second holding, that is, the question of whether a later-served defendant must join the petition within thirty days of the date of service on the *337 first-served defendant, as the court held in Getty Oil, or within thirty days of service on the later-served defendant. Id. at 926-28. In rejecting the second holding of Getty Oil, we first observed that it would be “inequitable” to require a later-served defendant to join a timely filed removal petition within thirty days of the date of service on the first-served defendant. Id. at 927.
We next rejected the plaintiffs’ argument that it should be entitled to know within a prescribed period of time whether the case will proceed in state or federal court, noting first that, if the plaintiffs wanted to know which court they will be in at the earliest possible date, they need only to make sure that all defendants are served at about the same time. Id. Second, we noted that the plaintiffs’ entitlement was no greater than the defendant’s right to remove a case that could be heard in federal court. Id.
Finally, we considered a policy concern, which was not present when Getty Oil was decided. In 1988, Congress amended § 1446(a) to make petitions for removal subject to Rule 11 of the Federal Rules of Civil Procedure. Id. at 928. We observed that, as amended, § 1446(a) is a further reason to allow all defendants a full thirty days to investigate the appropriateness of removal. Id. Otherwise, a later-served defendant faced a Hobson’s Choice: either to join hurriedly in a petition for removal and face possible Rule 11 sanctions or to forego removal. Id. In our view, Congress surely did not intend to impose such a choice on a later-served defendant. Id.
The majority chooses to reject the McKinney Intermediate Rule essentially by isolating its examination of the case to Footnote 3 and characterizing the footnote as dicta. Whether Footnote 3 is dicta is really beside the point and of no material importance. The critical point of the McKinney decision is that the McKinney court explicitly embraced Getty Oil’s first holding that a petition for removal must be filed within thirty days of the date the first-defendant is served. Id. at 926. Once the McKinney court so embraced, Footnote 3 provides, by way of explanation, two necessary corollaries to our agreement with Getty Oil’s first holding. Both such corollaries arise where the later-served defendant is served more than thirty days after the first-served defendant is served. In the first necessary corollary, removal is permitted if the first-served defendant petitions for removal within thirty days of being served and the later-served defendant joins the petition for removal within thirty days of being served. Id. at 926 n. 3. In the second necessary corollary, removal is not permitted if the first-served defendant does not petition for removal within thirty days of being served. Id.
The majority states that Footnote 3 of McKinney “constitutes non-binding dicta.” Ante at 321-22. According to the majority, in McKinney, there was a timely petition for removal filed within thirty days of service on the first-served defendant(s) and in the present case the first-served defendant did not so petition. From this fact, the majority concludes that “the issue of initial removal by a defendant other than the first-served defendant was simply not before the court in McKinney.” Ante at 322. Because the issue of initial removal was not before the McKinney court, the majority goes on to state that “the McKinney court’s expression in Footnote 3 regarding the application of § 1446 in the circumstance where the first-served defendant had not timely filed a notice of removal was gratuitous,” and thus, Footnote 3 is “classic judicial dictum.” Ante at 322.
The obvious flaw in the majority’s analysis is its initial premise — that the McKin *338 ney court did not address the question of initial removal. Clearly, the McKinney court did, when it agreed with the Getty Oil court’s first holding that the first-served defendant must petition for removal with thirty days of being served. This agreement with the Getty Oil court’s first holding was critical to the decision, in that it closed the door to a reading of § 1446(b) that would have allowed later-served defendants to petition for removal within thirty days of being served when the first-served defendant had not. Cf. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 66-67, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (“We adhere in this case, however, not to mere obiter dicta, but rather to the well-established rationale upon which the Court based the results of its earlier decisions. When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound.”).
To get around the obvious flaw in its analysis, the majority out of necessity describes our adoption of Getty Oil’s first holding as dicta as well. The problem with this description is that McKinney outlined what were the requirements for removal in multiple-defendant cases, just like a court outlines the requirements for a plaintiff to maintain a certain cause of action. The first requirement outlined in McKinney was that a timely removal petition must be filed within thirty days of the date the first-served defendant is served. Of course, the McKinney court could have chosen a very different analytical path, holding that such a removal petition need not be filed within that time, i.e., within thirty days of the date any of the defendants were served. However, the McKinney court closed that very door with its adoption of Getty Oil’s first holding.
In sum, none of the defendants sought to remove the case within thirty days of the date the International was served. Consequently, under McKinney, removal was improper.
C
In its opinion, the majority also relies upon the Supreme Court’s decision in Murphy Brothers and suggests that this “no[n-J dispositive” case, ante at 323-24, mandates that we reject our McKinney Intermediate Rule. Murphy Brothers did not involve multiple defendants. It involved a single defendant, and the issue to be decided was what service event triggered the running of the thirty-day window. The plaintiff argued that the January 29, 1996 service of a faxed courtesy copy of the complaint triggered the running of the thirty-day window; the defendant countered that February 12, 1996, the date of formal service in accordance with local law, triggered the running of the thirty-day window. 526 U.S. at 348, 119 S.Ct. 1322. The Court held that a defendant’s time to remove “is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, ‘through service or otherwise,’ after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.” Id. The Court did not address, or even mention, the Firsb-Served Defendant Rule, the McKinney Intermediate Rule, or the Last-Served Defendant Rule, or, for that matter, consider how to calculate the period for removal in a case involving multiple defendants served at different times. Indeed, Murphy Brothers was based on the principle that “[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court’s authority, by formal process.” Id. at 347, 119 S.Ct. 1322. That principle is not threatened or even implicated in this case. *339 The McKinney Intermediate Rule simply does not require or obligate later-served defendants to engage in litigation prior to service. Moreover, completely different considerations come into play in cases involving multiple defendants. Under such circumstances, it is unfathomable, absent an en banc decision from this court or a Supreme Court case explicitly or implicitly overruling the McKinney Intermediate Rule, that Murphy Brothers mandates that we reject our McKinney Intermediate Rule.
D
My analysis need not proceed further, as it is clear at this point that removal was improper under our decision in McKinney and that Murphy Brothers did not, explicitly or implicitly, overrule McKinney. However, I offer these brief comments concerning what appears to be the real rub in the case, the majority’s disdain for the McKinney Intermediate Rule. Such disdain appears to emanate from the court’s view that the McKinney Intermediate Rule is inequitable, because it allows earlier-served defendants to decide whether a case remains in state court or is removed to federal court. Ante at 324-25 (noting that McKinney sought to avoid inequitable results). However, our embracement of the McKinney Intermediate Rule is not as off-the-wall as the majority would have us believe. The McKinney Intermediate Rule is an inevitable feature of a court of limited jurisdiction. Where a removal petition is not filed within thirty days of service on the first-served defendant, the later-served defendants are in no worse position than they would have been if the first-served defendant (or any other defendant) had opposed removal. As Judge Shedd noted in his district court opinion in Branch, “[t]he Court sees no reason why [the first-served defendant’s] failure to remove in a timely manner should be viewed differently simply because another defendant is in the case.” 83 F.Supp.2d at 636. Moreover, the inequity sought to be avoided in McKinney was the First-Served Defendant Rule’s requirement that a later-served defendant join the removal petition within the first-served defendant’s thirty-day window, and unquestionably the McKinney Intermediate Rule avoids this inequity. Finally, the McKinney Intermediate Rule is less intrusive than the Last-Served Defendant Rule on the principle that we construe removal statutes strictly, Shamrock Oil, 313 U.S. at 108-09, 61 S.Ct. 868, as the Last-Served Defendant Rule offers the most expansive reading of § 1446(b). To be sure, the LasL-Served Defendant Rule provides the greatest potential for delay in the removal context.
Another equitable feature of the McKinney Intermediate Rule is that it prevents the first-served defendant from benefiting from his inaction. In effect, the McKinney Intermediate Rule requires the first-served defendant to act, and if he does not, he forfeits his right to remove the case or to consent to the removal. Every day litigants are penalized for their failure to act. And the facts of this case certainly do not help the defendants’ cause. The defendants were all represented by the same attorneys and the most sophisticated of the three defendants, the International, was served first and deliberately chose not to remove the case. Yet, under the majority’s adoption of the LasUServed Defendant Rule, the International receives a benefit from its inaction, being allowed to join a removal petition more than thirty days after service on it, unlike many defendants who fail to timely remove their cases. If McKinney is concerned with equity, as the majority intimates, the equities in this case simply do not favor the defendants.
*340 Rightly or wrongly, McKinney sought to strike an equitable balance, allowing a later-served defendant thirty days to act in the limited circumstance where a timely petition was filed by an earlier-served defendant. This balance was a consequence of the McKinney court’s desire to avoid reading words (e.g., first-served or last-served) into the statute. In other words, to give effect to all the language in § 1446(b), McKinney sought to require every defendant to act within thirty days of being served, beginning with the first-served defendant. If a removal petition was not filed within thirty days of service on the first-served defendant, then the case could not be removed. If a petition was so filed, then every later-served defendant can join or seek a remand to state court. Obviously, the Last-Served Defendant Rule does not require any of the defendants to act in a timely manner, except the last-served. Having to choose between a reading of the statute that required all of the defendants to act in a timely manner as opposed to one, we chose the construction that would apply to all defendants in the event removal is to be achieved. There is nothing inequitable about interpreting § 1446(b) in a manner that applies its thirty-day timeframe to all defendants where removal is to be achieved.
II
In the final analysis, this case is about much more than whether one agrees or disagrees with the McKinney Intermediate Rule. It is about how one panel of this court should treat the opinion of a prior panel or view the impact of a non-dispositive Supreme Court case on our circuit precedent. I am concerned that the majority’s opinion will lead to a deterioration of the respect we have given over the years to an opinion of a prior panel, which panel spoke for the entire court. While such respect fosters collegiality, more importantly, it maintains uniformity in our decisions. I am also concerned that the majority’s use of a non-dispositive Supreme Court case to effectively overrule our established circuit precedent will open the door to further manipulation of such precedent.
It is my fervent hope that en banc review will be sought and ultimately granted by the full court, so that the ideals of respect, collegiality, and uniformity, hallmarks of the Fourth Circuit, remain intact, regardless of the outcome. Clearly, an en banc setting is the best, and appropriate, place for the court to give the McKinney Intermediate Rule thumbs-up or thumbs-down.
It follows that I would vacate the district court’s decision holding that the defendants’ petition for removal was timely filed and remand the case to the district court with instructions to remand the case to state court.